IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-1187
_____


UNITED STATES OF AMERICA,

                                      Plaintiff-Appellee,

                    versus

CYNTHIA BATY,

                                      Defendant-Appellant.

_____

Appeal from the United States District Court for the
                Northern District of Texas
_____
                    (December 23, 1992)

Before GOLDBERG, JOLLY, and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

     In this appeal, Cynthia Baty challenges the sentence the
district court gave her for escaping from federal custody.  First,
the government argues that Baty cannot bring this appeal because,
as a term of her plea agreement, she waived her right to appeal
from her guilty plea and sentence.  The government's fall-back
argument is simply that the district court did not err in denying
a downward departure to her sentence for acceptance of
responsiblity.  We hold that Baty has the right to appeal her
sentence because she did not knowingly and voluntarily waive her
right to appeal.  We affirm the judgment of the district court,

however, because the district court did not err when it sentenced Baty.

I

Cynthia Baty was originally convicted on December 19, 1986, of possessing amphetamine with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Baty to three years incarceration with a special parole term of three years. The government paroled Baty, but she violated the terms of her parole and the district court ordered her to the Federal Prison Camp in Bryan, Texas.

In January 1991, the government again paroled Baty and transferred her to the Volunteers of America Halfway House in Hutchins, Texas. On March 26, 1991, Baty left the halfway house without authorization. When she failed to return, the government placed her on escape status. Six months later, a Dallas police officer apprehended Baty during a routine traffic stop. In October of 1991, the government indicted Baty for escaping from federal custody in violation of 18 U.S.C. § 751(a). Baty pled guilty on December 11, 1991.

At the sentencing hearing, Baty requested a two-point downward adjustment in her base offense level because she had accepted responsibility for her escape. The district court denied Baty the downward adjustment because the court concluded that Baty did not accept responsibility for her escape. In reaching this decision, the district court relied on the fact that Baty had escaped from

-2-

prison, had remained a fugitive for six months, and had not voluntarily surrendered to authorities. As a result of these findings, the district court sentenced Baty to twenty-one months of incarceration. Baty appeals her sentence.

II

The government contends that Baty waived her right to appeal in the plea agreement. Paragraph eight provided that:

> Baty waives any right to pursue any post-conviction writs or appeals concerning any matters that Baty has asserted or could assert to this prosecution or to the Court's entry of Judgment.

In a recent opinion, we held that a defendant can "waive his right to appeal as part of a plea agreement." United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).[1] However, we also recognized that "the waiver must be informed and voluntary." Id.

In the instant case, it is clear to us that Baty did not knowingly waive her right to appeal. On more than one occasion, Baty specifically asked the court to explain paragraph eight of the plea agreement. Not knowing what was in paragraph eight, the court asked the attorneys present about it. Mr. Snipes, the United States Attorney, responded that the provision "provides that the defendant waives her appeal right basically on conviction." Ms. Coffee, Baty's attorney, told the court that she had asked the United States Attorney to delete the paragraph, but he refused.

---

[1] See also United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991); United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992).

She then told the court that she "explained to my client as best I could how I reviewed her choices." The court then told Baty that:

> In other words, Ms. Baty, that is part of what the government wants in the agreement, otherwise there is no agreement. And if there is no agreement, then you just have a decision to make and that is, [do] you want to plead guilty with that in there or [do] you want to go ahead and have a trial.

Baty decided to plead guilty without any further explanation of the waiver of her right to appeal.

Thus, there was no satisfactory explanation to Baty of the consequences of her waiver of her right to appeal.[2] A defendant's waiver of her right to appeal is not informed if the defendant does not know the possible consequences of her decision.

We think that a defendant's waiver of her right to appeal deserves and, indeed, requires the special attention of the district court. When a defendant waives her right to appeal, she gives up the very valuable right to correct a district court's unknown and unannounced sentence. After waiving her right to appeal, the district court could err in its application of the Sentencing Guidelines or otherwise impose an illegal sentence.

---

[2]The record suggests that the Judge Solis was also unsure about the consequences of the defendant's waiver of her right to appeal. After sentencing Baty, Judge Solis told her:

> I advise you that you have the right to appeal this case, my sentence, if you wish to appeal that. And you also have the right to file for a free appeal, free of cost in attorneys if you are unable to afford the cost of the appeal. Talk to Ms. Coffee about that, [and] advise me of your decision on that.

Indeed, the defendant may find herself serving unnecessary jail time.  Yet, the defendant, who has waived her right to appeal, cannot appeal these errors.  It is up to the district court to insure that the defendant fully understands her right to appeal and the consequences of waiving that right.  In this case, Baty never understood the consequences of waiving her right to appeal, and thus, the waiver was not effective.

## III

We now turn to the substance of Baty's appeal.  She contends that the district court erred when it denied her the two-point reduction in her base offense level for accepting responsibility for her criminal conduct.  The sentencing guidelines provide that:

> (a)  If the defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct, reduce the offense level by two levels.
>
> * * * *
>
> (c)  A defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right.

United States Sentencing Commission, <u>Guidelines Manual</u>, § 3E1.1. Our review of the district court's determination that Baty is not entitled to the reduction is "even more deferential than a pure clearly erroneous standard."  <u>United States v. Kinder</u>, 946 F.2d 362, 367 (5th Cir. 1991) (quoting <u>United States v. Fabregat</u>, 902 F.2d 336, 347-348 (5th Cir. 1990)).  Furthermore, as the defendant, Baty had the burden of proving that she was entitled to the

reduction in her base offense level. United States v. McDonald, 964 F.2d 390, 391 (5th Cir. 1992).

The only evidence that Baty offered to prove that she accepted responsibility for her criminal conduct was her guilty plea. Under the guidelines, however, Baty is not entitled to the adjustment simply because she pleaded guilty. United States v. Hardeman, 933 F.2d 278, 284 (5th Cir. 1991). On appeal, instead of arguing that she had evidence indicating that she had accepted responsibility for her conduct, Baty argues that the district court erred in relying on factors that the sentencing commission had already considered. See Williams v. United States, 503 U.S. ___, 112 S.Ct. 1112 (1992).[3] In rejecting a downward departure for acceptance, the district court relied on the fact that Baty did not voluntarily surrender herself to authorities and remained a fugitive for six months. The district court was fully justified in using these facts to discredit a mere assertion of entitlement to the reduction and further to deny Baty the two-point adjustment. See United States v. Ainsworth, 932 F.2d 358, 362 (5th Cir. 1991) (The defendant's efforts to evade the police justified the district court's decision to deny the defendant the adjustment). Furthermore, despite Baty's arguments, the sentencing commission

---

[3]Baty also contends that the district court erred when it found that certain hearsay statements in her pre-sentence report were relevant in sentencing her. This argument is frivolous because the district court explicitly told Baty that it was not relying on any of the hearsay statements in the pre-sentence report when it sentenced her.

had not already considered the time she remained a fugitive or whether she voluntarily surrendered herself when they determined the base offense level for her offense.  Thus, the district court did not err when it denied Baty the adjustment for acceptance of responsibility.

IV

To sum up, we hold that Baty did not effectively waive her right to appeal because she did not understand the consequences of the waiver when she pled guilty.  However, we AFFIRM the district court's sentence because it did not err when it denied Baty the two-point reduction in her base offense level for accepting responsibility for her actions.

A F F I R M E D.