**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-50066
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MIKE MARTINEZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
(A-94-CA-705)

(June 13, 1995)

Before KING, JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:[*]

BACKGROUND

Mike G. Martinez pleaded guilty pursuant to a plea agreement to distribution of heroin in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Martinez to 210 months of imprisonment, five years of supervised release and a $25,000 fine.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

Through his retained counsel, Martinez timely filed his notice of appeal, but the appeal was dismissed for want of prosecution for failure to pay the docketing fee.

Martinez filed this pro se 28 U.S.C. § 2255 motion on the basis of ineffective assistance of counsel. Martinez also requested an evidentiary hearing. The district court adopted the magistrate judge's recommendation and dismissed Martinez's motion, finding that he waived his right to appeal in his plea agreement and, thus, did not receive ineffective assistance.

OPINION

Martinez argues that he was denied effective assistance of counsel on appeal for counsel's failure to perfect and present an appeal. The government contends that Martinez did not receive ineffective assistance because he waived his right to a direct appeal in his plea agreement.

A defendant may waive his right to direct appeal and his rights under § 2255 as part of a plea agreement. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). The district court is responsible for insuring that "the defendant fully understands [his] right to appeal and the consequences of waiving that right." United States v. Baty, 980 F.2d 977, 979 (5th Cir. 1992), cert. denied, 113 S. Ct. 2457 (1993). "To be valid, a defendant's waiver of his right to appeal must be informed and voluntary. A defendant must know that he had a `right to appeal his sentence and that he was giving up that right.'" United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994), cert. denied, 115 S. Ct. 244

2

(1994)(quoting <u>United States v. Melancon</u>, 972 F.2d 566, 567 (5th Cir. 1992)). Martinez's counsel cannot be considered deficient for failing to perfect an appeal, the right to which was knowingly and voluntarily waived in the process of plea bargaining. See <u>Wilkes</u>, 20 F.3d at 653.

In his plea agreement, Martinez waived "his right to appeal the sentence or to contest it in any post-conviction proceeding" except in the event of upward departure in sentencing. Martinez's plea agreement indicates that he knowingly waived his right to appeal.

Martinez does not contest the validity of the plea agreement. Martinez does not argue that his counsel was ineffective for negotiating the plea agreement generally or the waiver of appeal provision specifically. See <u>Wilkes</u>, 20 F.3d at 653 (post-conviction relief waiver may not always apply to a collateral attack based on ineffective assistance of counsel). Martinez offered no evidence that he did not understand the consequences of his plea. Martinez bases his argument on the sole issue of ineffective assistance of counsel for failure to perfect his appeal. Additionally, Martinez does not indicate that he intended to appeal anything other than sentencing issues, for which the right to appeal was not waived.

Because he does not contest its validity, Martinez is bound by his plea agreement. See <u>Portillo</u>, 18 F.3d at 292-93. Counsel cannot be considered ineffective for failing to perfect a waived right. <u>Wilkes</u>, 20 F.3d at 653.

3

Martinez advances his ineffective-assistance-of-counsel argument under the traditional Strickland analysis in which he must show: (1) that his counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that the deficient performance prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687-94 (1984). Under this analysis, when a defendant is deprived of an appeal due to counsel's ineffective assistance, he need not show prejudice. See Sharp v. Puckett, 930 F.2d 450, 451-52 (5th Cir. 1991) (citing Penson v. Ohio, 488 U.S. 75 (1988)). Martinez argues that he need not show prejudice because his counsel's deficient performance deprived him of an appeal. However, under Wilkes, when a defendant makes a claim of ineffective assistance of counsel on appeal, yet previously waived his right to appeal, the court must reach the waiver issue before the ineffective-assistance issue to determine if relief is barred. See Wilkes, 20 F.3d at 653. If the waiver is determined to be valid, "[c]ounsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." Id. (citation omitted). Martinez's waiver was valid, thus he cannot show ineffective assistance.

Martinez also argues that the district erred in failing to provide him an evidentiary hearing on his § 2255 motion.

A § 2255 motion "can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).

4

The district court accepted Martinez's guilty plea after a Rule 11 hearing. The court reviewed the merits of Martinez's § 2255 motion and found that he knowingly and voluntarily waived his right to appeal. The record conclusively shows that Martinez entered a plea agreement in which he knowingly waived his right to appeal. Martinez is entitled to no relief. See Wilkes, 20 F.3d at 653; see also Portillo, 18 F.3d at 292-93.

The district court did not err in failing to provide an evidentiary hearing.

Martinez finally argues that the district court erred in focusing on the waiver of his right to appeal in its denial of his § 2255 motion instead of his constitutional claim of ineffective assistance of counsel.

The government raised the waiver-of-appeal issue in its response to Martinez's motion. The issue of waiver of appeal is relevant to the court's analysis of a § 2255 motion, even when the defendant presents an ineffective-assistance-of-counsel claim. See Wilkes, 20 F.3d at 653.

The district court did not err in denying Martinez's § 2255 motion based on waiver of appeal.

AFFIRMED.