**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 95-20121**
**Summary Calendar**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**EDWIN RAMIREZ,**

**Defendant-Appellant.**

---

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-93-3878(CR-H-92-295-3))

---

November 1, 1995

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

BACKGROUND

Edwin Ramirez pleaded guilty pursuant to a written plea agreement to conspiracy to import in excess of five kilograms of cocaine in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B), and 963. Ramirez was sentenced to imprisonment for 240 months, to be

---

    [*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

followed by five years supervised release. Ramirez's plea agreement provided that he "waive[d] the right to appeal the sentence (or the manner in which it was determined) on the grounds set forth in Title 18, United States Code, Section 3742; except, [Ramirez] retains his right to appeal any sentence departure above his applicable sentencing guideline calculation as determined by the Sentencing Court."

Ramirez subsequently filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He alleged that, (1) he had received ineffective assistance of counsel because his counsel incorrectly informed him that he could appeal his sentence under the plea agreement and because his counsel failed to file a notice of appeal; (2) his guilty plea was rendered unknowing and involuntary due to counsel's ineffective assistance; and (3) he was denied the right to appeal.

After conducting an evidentiary hearing, the district court determined that Ramirez had made an informed and voluntary waiver of his right to appeal and that he did not receive ineffective assistance of counsel. The district court thus denied Ramirez's § 2255 motion. Ramirez filed a timely notice of appeal from the district court's judgment.

### OPINION

Ramirez argues that he did not knowingly and voluntarily waive his right to appeal his sentence, and contends that his guilty plea was thus rendered involuntary. Ramirez alleges that his attorney informed him that he had the right to appeal from the district

2

court's decision not to grant him a reduction for acceptance of responsibility.

"[A] defendant may, as part of a valid plea agreement, waive his statutory right to appeal his sentence." **United States v. Melancon**, 972 F.2d 566, 568 (5th Cir. 1992). To be valid, a defendant's waiver of his right to appeal must be informed and voluntary. **United States v. Portillo**, 18 F.3d 290, 292-93 (5th Cir.), <u>cert. denied</u>, 115 S. Ct. 244 (1994).

In **United States v. Baty**, 980 F.2d 977, 979 (5th Cir. 1992), <u>cert. denied</u>, 113 S. Ct. 2457 (1993), this Court refused to enforce a waiver because, <u>inter alia</u>, the district court had not specifically addressed whether the defendant understood the consequences of waiving her right to appeal. In **Portillo**, however, the court later held that:

> when the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed, regardless of whether the court specifically admonished him concerning the waiver of appeal.

18 F.3d at 293. We distinguished **Baty** because the defendant in **Baty** was obviously confused regarding the waiver of her right to appeal.

Ramirez's plea agreement contains a waiver-of-appeal provision which states:

> The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, the defendant waives the right to appeal the sentence (or the manner in which it was determined) on the grounds set forth in Title 18, United States Code, Section 3742; except, defendant

3

retains his right to appeal any sentence departure above his applicable sentencing guideline calculation as determined by the Sentencing Court.

The agreement further provides that,

[i]n agreeing to this waiver, the defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding . . . . The United States does not make any promise or representation concerning what sentence the defendant will receive. Realizing the uncertainty in estimating what sentence the defendant will ultimately receive, the defendant knowingly waives the right to appeal the sentence, except for as provided for above, in exchange for the concessions made by the United States in this plea agreement.

At his rearraignment, Ramirez testified that he understood the terms of the plea agreement and that no one had made "any other or different promise[s] to [him] of any kind . . . in order to get [him] to plead guilty." He raised no question regarding the waiver-of-appeal provision. Although Ramirez argues that his limited understanding of the English language is the reason he responded as he did at his rearraignment, the district court found "no credible evidence" to support this contention.

At the evidentiary hearing on Ramirez's § 2255 motion, Ramirez's trial counsel, Russell Henderson, testified that he had reviewed each paragraph of the plea agreement with Ramirez, that he had made an effort "to make sure" that Ramirez understood the plea agreement, and that Ramirez had indicated to him that he understood the terms of the plea agreement. Henderson testified that he "absolutely believed that [Ramirez] understood everything that was

4

written in the plea agreement," and that he "had no doubt that [Ramirez] understood what was written as far as the plea agreement is concerned." Henderson further testified that he reviewed with Ramirez the waiver-of-appeal provision contained in the plea agreement and that he explained to Ramirez the meaning of that provision, including the meaning of an upward departure. Henderson stated that Ramirez never indicated to him that he did not understand the plea agreement, nor did he express any reservations concerning the waiver-of-appeal provision. Henderson further stated that he did not remember ever telling Ramirez that Ramirez could appeal his sentence if the district court failed to grant him a reduction for acceptance of responsibility.

Ramirez testified at the evidentiary hearing that Henderson had explained the plea agreement to him "paragraph by paragraph," including the waiver-of-appeal provision. Ramirez further testified that Henderson had also informed him that he could appeal if the district court refused to grant a three-level reduction for acceptance of responsibility. Ramirez testified that such an appeal "seem[ed] to differ from the terms of the plea agreement," so he questioned Henderson about it. Henderson "said that he was going to do something." However, in a motion for appointment of counsel, filed by Ramirez after he was sentenced but prior to the filing of his § 2255 motion, Ramirez stated that he had been "told by his previous court-appointed attorney that he did not have the right to appeal his sentence."

The district court found credible Henderson's testimony that he did not tell Ramirez that Ramirez could appeal from the lack of a downward adjustment by the district court. This Court must give credence to the credibility choices of the district court unless they are clearly erroneous. **United States v. Bass**, 10 F.3d 256, 258 (5th Cir. 1993).

The record and the district court findings demonstrate that Ramirez read and understood his plea agreement, that his counsel fully explained the waiver-of-appeal provision to him, and that Ramirez was advised that he could not appeal his sentence. See **Portillo**, 18 F.3d at 293. Further, Ramirez raised no question regarding the waiver-of-appeal provision. Thus, Ramirez's waiver of his right to appeal was informed and voluntary.

Ramirez also argues that he received ineffective assistance of counsel because his attorney failed to file a notice of appeal. Ramirez contends that he informed his attorney that he wished to appeal his sentence.

The failure of counsel to perfect an appeal upon request of his client may constitute ineffective assistance of counsel. See **United States v. Gipson**, 985 F.2d 212, 215 (5th Cir. 1993). Counsel cannot be considered ineffective, however, for failing to perfect an appeal, the right to which has been waived. See **United States v. Wilkes**, 20 F.3d 651, 653 (5th Cir. 1994). As discussed above, Ramirez's waiver of his right to appeal was informed and voluntary.

6

Ramirez nevertheless argues that regardless of the validity of the waiver-of-appeal provision, he did not waive his right to challenge the Rule 11 proceedings on appeal, and that his attorney was thus obligated to file a notice of appeal if Ramirez requested that he do so. The district court did not make a finding as to whether Ramirez requested that Henderson file a notice of appeal. Henderson testified at the evidentiary hearing, however, that Ramirez never requested that he file an appeal. Henderson stated that had he been requested to file an appeal, he would have done so and then filed a motion to withdraw from the case. Henderson further testified, "I was not asked to do an appeal insofar as Mr. Ramirez is concerned or any member of his family, including his wife. I would have remembered that." Nor has Ramirez ever asserted that he asked Henderson to appeal anything other than the sentence. Ramirez's argument that his counsel was ineffective for failing to file a notice of appeal is thus without merit.

**AFFIRMED**