# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

—————————

m 99-10509

—————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

MARGUERITE CASALE,

Defendant-Appellant.

—————————————

Appeal from the United States District Court
for the Northern District of Texas
(4:98-CR-211-Y)

—————————————

May 11, 2000

Before POLITZ, SMITH, and DENNIS,
   Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

   Marguerite Casale appeals the sentence imposed following her plea of guilty of

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). We affirm.

## I.

   The government first argues that we should dismiss without consideration of the merits because Casale's written plea agreement contains a waiver-of-appeal provision. A defendant can waive the right to appeal as part of a plea agreement, but the waiver must be informed (or "knowing") and voluntary. *See United States v. Melançon*, 972 F.2d 566, 567 (5th Cir. 1992). "[A] defendant's waiver of her right to appeal deserves and, indeed, requires

the special attention of the district court. . . . It is up to the district court to insure that the defendant fully understands her right to appeal and the consequences of waiving that right." *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992). A generic discussion of the possibility of waiving one's right to an appeal is not sufficient. *See United States v. Robinson*, 187 F.3d 516, 518 (5th Cir. 1999).

The record of Casale's FED. R. CRIM. P. 11 hearing does not unequivocally indicate that she had read and understood the plea agreement, and the hearing did not include any explanation of the waiver-of-appeal provision. The record is not adequate to demonstrate that Casale knowingly and voluntarily waived her right to appeal, so the waiver is not effective. *See Robinson*, 187 F.3d at 518; *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994).

## II.

Casale argues that the court erred by declining to impose a sentence below the statutory minimum pursuant to the "safety valve" provision of 18 U.S.C. § 3553(f):

> Notwithstanding any other provision of law, in the case of an offense under . . . 21 U.S.C. 841 . . . the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission . . . without regard to any statutory minimum sentence, if the court finds at sentencing, after the Government has been afforded the opportunity to make a recommendation, thatSS
>
> . . .
>
> (5) not later than the time of the

sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.[1]

This requirement is repeated verbatim at U.S.S.G. § 5C1.2, and U.S.S.G. § 2D1.1(b)(6) provides for a two-level decrease in offense level if the "safety-valve" requirements are met and the offense level is 26 or greater.

Based on the government's assertion that Casale had not truthfully provided all information and evidence she had regarding the offense, the Presentence Report ("PSR") recommended that she was ineligible for the safety-valve provision. The court tentatively sustained Casale's objection to this recommendation, but, after hearing testimony from a government agent and Casale, determined that the PSR recommendation was correct and refused to apply the safety-valve provision because of a failure to satisfy the truthfulness criterion of § 3553(f)(5). We review this finding for clear error.[2] *See United*

---

[1] Section 3553(f) contains five requirements, but the parties dispute only whether Casale has satisfied the requirement contained at § 3553(f)(5).

[2] Neither party contends that the court incorrectly interpreted the provision as a matter of
(continued...)

2

*States v. Miller*, 179 F.3d 961, 963-64 (5th Cir. 1999).

The government asserts that Casale has not been truthful about at least two issues. First, although the government was able to verify Casale's claim that she had engaged in a practice run from New York to Texas after her recruitment as a drug courier, government agents did not believe she was unaware of the identity of all other participants in the drug operation, and did not believe her assertion that, having suffered a stroke, she was unable to recall specific dates.

Second, Casale became extremely evasive on cross examination when the government asked about a receipt for a $50 postal money order from Lucy Montemoro in Brooklyn, New York, to Luis de Jesus in Elmira, New York, which was found in Casale's purse at the time of arrest. Casale claimed that the money order was not related to her criminal offense, and therefore refused to identify the named individuals.

Following Casale's testimony, the court stated that it now understood why the PSR found her to be ineligible for the safety valve provision, and overruled her objection to the denial of that reduction on the ground that she had been evasive under questioning and had failed to demonstrate that she had been forthcoming for purposes of § 3553(f)(5). Casale argues that the court erred by denying the reduction based on irrelevant matters and pure speculation, in violation of *Miller*.

In *Miller*, we held that a court may not refuse the safety valve reduction based on untruthfulness regarding matters not related to the offense of conviction. *See Miller*, 179 F.3d at 965-66. *Miller* does not control whether the money order testimony is relevant, however, because unlike the situation in *Miller*, the only basis for determining whether the money order is relevant is Casale's credibility, a judgment the district court was uniquely well qualified to make.

Casale's assertion that the court incorrectly relied on pure speculation is likewise not supported by *Miller*. In *Miller*, we did hold that a court may not rely on mere speculation, but in so doing we explicitly followed *United States v. Miranda-Santiago*, 96 F.3d 517 (1st Cir. 1996), and *United States v. White*, 119 F.3d 70 (1st Cir. 1997). *See Miller*, 179 F.3d at 967-68.

The *Miranda-Santiago* court held that mere speculation is not sufficient to defeat application of 18 U.S.C. § 3553(f): "The government cannot assure success simply by saying, 'We don't believe the defendant,' and doing nothing more." *Miranda-Santiago*, 96 F.3d at 529. In *White*, the court clarified *Miranda-Santiago* in affirming a refusal to apply the safety valve provision:

> *Miranda-Santiago* in no sense suggests that the sentencing court cannot arrive at an independent determination regarding a criminal defendant's truthfulness, based on the evidence before it. Rather, we there held merely that it was clear error to conclude that the defendant had been untruthful, based solely on a PSR which directly contradicted the district court's determination.

_____

[2](...continued)
law.

*White*, 119 F.3d at 74.[3]

As in *White*, the district court in this case, after preliminarily rejecting the government's argument, "made the carefully considered determination that [Casale] lacked credibility." *White*, 119 F.3d at 74. That decision is not clearly erroneous.

AFFIRMED.

---

[3] The *Miranda-Santiago* district court was confused about two matters, the nature and content of the plea agreement and the content of the PSR. *See Miranda-Santiago*, 96 F.3d at 527. In particular, the court incorrectly believed that the PSR supported the government's position as to the defendant's truthfulness. *See id*.