IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20234
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID CANTU,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-95-CR-142-66
- - - - - - - - - -
August 7, 2001

Before JOLLY, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

David Cantu, federal prisoner #71479-079, appeals his sentence for conspiracy to possess with intent to distribute marihuana, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(A) and § 846. He raises several sentencing issues and argues that his attorney was ineffective for failing to raise the sentencing issue regarding his relevant conduct in the conspiracy. Based on Cantu's waiver, pursuant to the plea agreement, of his right to appeal his sentence, the Government moves to dismiss this appeal

_____

[*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

as it relates to Cantu's challenges to his sentence. Cantu does not address the waiver.

A defendant may waive his right to appeal as part of a plea agreement if the waiver is informed and voluntary. United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992). The transcript of the guilty-plea hearing shows that the district court insured that Cantu fully understood his right to appeal and the consequences of waiving that right. See United States v. Baty, 980 F.2d 977, 979 (5th Cir. 1992). The transcript also clearly indicates that Cantu read and understood his plea agreement and that he raised no question regarding the waiver-of-appeal provision; the court specifically admonished Cantu regarding the waiver provision. Cantu must therefore be held to the bargain to which he agreed. United States v. Portillo, 18 F.3d 290, 293 (5th Cir. 1994).

Even if Cantu's waiver did not encompass his claim that his sentence contravenes Apprendi,[**] see United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999), he is not entitled to relief on that claim because his 120-month sentence does not exceed the statutory maximum sentence of life for the offense alleged in the indictment, i.e., conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana. See United States v. Doggett, 230 F.3d 160, 165 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001); United States v. Keith, 230 F.3d 784, 786-87 (5th Cir. 2000), cert. denied, 121 S. Ct. 1163 (2001); 21 U.S.C. § 841(b)(1)(A)(vii).

---

[**] Apprendi v. New Jersey, 530 U.S. 466 (2000).

The Government's motion to dismiss this appeal insofar as it relates to Cantu's challenges to his sentence is GRANTED.

The Government argues that Cantu's ineffective-assistance-of-counsel claims should not be addressed for the first time on appeal.  This court does not review ineffective-assistance-of-counsel claims on direct appeal except in the rare case where the record permits a fair evaluation of the merits of the claim.  See United States v. Crooks, 83 F.3d 103, 108 (5th Cir. 1996).  Cantu's ineffective-assistance-of-counsel claims were not presented to the district court.  The record is therefore insufficient to permit evaluation of this claim at this time.  See United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992).  This is without prejudice to the filing of a 28 U.S.C. § 2255 motion raising the ineffective-assistance-of-counsel arguments, since Cantu did not waive his right to seek postconviction relief.  See United States v. Rivas, 157 F.3d 364, 369 (5th Cir. 1998).

APPEAL DISMISSED.