IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51128
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY K. HEBERT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-99-CR-51-1
--------------------
March 11, 2002

Before DUHÉ, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Jeffrey K. Hebert appeals his guilty-plea conviction for money laundering and conspiracy to possess amphetamine with intent to distribute, violations of 18 U.S.C. § 1956(h) and 21 U.S.C. § 841, 846. He first argues that the Government breached the plea agreement by not filing a U.S.S.G. § 5K1.1 motion for downward departure. Hebert is mistaken. The record reflects that the Government did file such a motion in this case. Hebert thus has not shown that the Government breached the plea agreement.

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hebert next argues that the district court erred by not advising him of the proper maximum sentence that he could receive and by not ensuring that he was aware of the nature of the charges to which he was pleading. The rearraignment transcript controverts this assertion. Moreover, Hebert's plea agreement also sufficiently informs him of the nature of the charges against him. See United States v. Cuevas-Andrade, 232 F.3d 440, 444 (5th Cir.), cert. denied, 121 S. Ct. 1748 (2001). Hebert also raises several sentencing issues that are barred by the waiver-of-appeal provision found in his plea agreement. See FED. R. CRIM. P. 11(c)(6); United States v. Baty, 980 F.2d 977, 979 (5th Cir. 1992).

Hebert has not shown that he is entitled to relief on any of the issues he raises. Accordingly, the judgment of the district court is

AFFIRMED.