United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-60089

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PETER HALAT, JR.,

Defendant-Appellant.

Appeal from the United States District Court for
the Southern District of Mississippi
(USDC No. 2:96-cr-030)

_____

Before REAVLEY, HIGGINBOTHAM and GARZA, Circuit Judges.

PER CURIAM:*

_____

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We dismiss the appeal for the following reason:

In Defendant's direct appeal, this Court held that "Halat waived his right to appeal his sentence in exchange for the government's agreement not to appeal a sentence imposed below the guideline range." *United States v. Sharpe*, 193 F.3d 852, 871 (5th Cir. 1999). This waiver applies to a collateral attack on the sentence. In *United States v. Baty*, the Court explained, "We think that a defendant's waiver of her right to appeal deserves and, indeed, requires the special attention of the district court. When a defendant waives her right to appeal, she gives up the very valuable right to correct a district court's unknown and unannounced sentence." 980 F.2d 977, 978 (5th Cir. 1992). The transcript reveals that the district court paid the requisite special attention. Defendant's counsel, Mr. Chasnoff, stated, "There will be **no** appeal of the final sentence given by this Court..." (emphasis added). The bottom line is that the record from the district court unambiguously establishes that Defendant chose to forsake all avenues of appeal of his sentence.

Dismissed.