IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 26, 2009

Charles R. Fulbruge III
Clerk

No. 07-10072

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

VERNON STIFF

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-367-K

Before DAVIS, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Vernon Stiff was arrested on the basis of an anonymous tip and charged with (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(c)(2); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of §924(c)(1)(A); and (3) possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), (b)(1). Stiff pleaded guilty to possessing cocaine base with intent to distribute. Stiff now contends on appeal that his plea waiver was involuntary.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As part of his guilty plea Stiff signed a written plea agreement, including a statement that he had read and understood it. He also signed the factual resume on which his plea agreement was based. At the rearraignment hearing the district court judge went over the rights Stiff would be giving up if he pleaded guilty, including the right to appeal his conviction. The judge also asked Stiff if he had read and understood the plea agreement, and Stiff indicated that he had. Stiff appeared alert and communicative during the colloquy, asking questions and at one point correcting the court about the charges to which he was pleading guilty.

We review the validity of an appeal waiver de novo. United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002). A waiver of the right to appeal must be "informed and voluntary." United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999) (quoting United States v. Baty, 980 F.2d 977, 978 (5th Cir. 1992)). The district court must affirmatively ascertain that the defendant understands the right to appeal and the consequences of the waiver. Fed. R. Crim. P. 11(b)(1)(N); see also Robinson, 187 F.3d at 518. In this case the judge specifically explained to Stiff that his plea agreement included a waiver of his right to appeal, and he ascertained that Stiff had read and understood the plea agreement. Stiff gave every indication of being alert and involved in the proceedings. The waiver was therefore voluntary and Stiff's appeal is foreclosed. The appeal is DISMISSED.