**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2010

Charles R. Fulbruge III
Clerk

No. 09-30337
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KERRY DE CAY,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-186-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kerry De Cay pled guilty to conspiracy to commit mail fraud, mail fraud, and obstruction of justice. After not having timely appealed, De Cay filed a motion to set aside the judgment. *See* 28 U.S.C. § 2255. The district court essentially vacated, then reinstated the judgment of conviction, in order to allow De Cay to file an out-of-time direct appeal. We DISMISS the appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

De Cay seeks to raise substantive challenges to the district court's application of the bribery guideline, U.S.S.G. § 2C1.1, and the district court's determination that he was responsible for a loss greater than $1 million. The Government argues that De Cay's appeal is barred by the appeal waiver in his plea agreement. Citing *United States v. Robinson*, 187 F.3d 516 (5th Cir. 1999) and *United States v. Baty*, 980 F.2d 977 (5th Cir. 1992), De Cay maintains that the appeal waiver is not enforceable because it was not knowing and voluntary. De Cay claims he did not understand the meaning of the exception to the appeal waiver for punishment in excess of the statutory maximum. He asserts that his trial counsel incorrectly told him that he could appeal a sentence in excess of the guidelines sentence range and that the explanation provided by his trial counsel would allow an appeal challenging the district court's guidelines sentence range calculations. Additionally, De Cay argues for the first time on appeal that the district court plainly erred by violating the obligation to explain fully the terms of the appeal waiver to him. *See* FED. R. CRIM. P. 11(b)(1)(N).

A defendant may waive his right to appeal as part of a valid plea agreement if the waiver is knowing and voluntary. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, we conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). We review the validity of an appeal waiver *de novo*. *United States v. Burns*, 433 F.3d 442, 445 (5th Cir. 2005).

At rearraignment, De Cay stated under oath that he had read and signed the plea agreement. The district court explained to De Cay that the waiver of appeal provision provided that De Cay could not appeal unless the district court imposed punishment in excess of the statutory maximum. De Cay averred that he understood the appeal waiver.

Contrary to De Cay's assertion, the appeal waiver was explicit and unambiguous. While De Cay maintains that the phrase "statutory maximum punishment" is an ambiguous legal term of art, the phrase used in an exception to an appeal waiver has a "natural and ordinary meaning of the upper limit of punishment that Congress has legislatively specified for violations of a statute." *United States v. Cortez*, 413 F.3d 502, 503 (5th Cir. 2005) (internal quotation marks and citation omitted). The district court correctly informed De Cay of the nature of the appeal waiver.

De Cay's reliance upon *Robinson* and *Baty* is misplaced. In *Robinson*, the district court did not explain the terms of the appeal waiver to the defendant, and it did not ask the defendant whether he understood the terms of the appeal waiver or the plea agreement. 187 F.3d at 517-18. Consequently, this court held that the appeal waiver was not knowing and voluntary. *Id.* at 518. In *Baty*, the defendant asked the district court what the appeal waiver provision meant on multiple occasions during rearraignment, but she was not given a satisfactory explanation. 980 F.2d at 978-79. Thus, this court held that the appeal waiver was not knowing and voluntary. *Id.* at 979. In the present case, however, the district court admonished De Cay regarding the terms of the appeal waiver, and De Cay stated that he understood. Accordingly, both *Robinson* and *Baty* are distinguishable.

The district court informed De Cay of the terms of the appeal waiver and De Cay stated that he understood them; therefore, the district court did not Rule 11. *See United States v. Gonzalez*, 259 F.3d 355, 358 (5th Cir. 2001). Moreover, as DeCay stated that he understood the terms of the appeal waiver after they were explained to him by the district court, the appeal waiver was both knowing and voluntary, and it is, therefore, enforceable. *See McKinney*, 406 F.3d at 746. The substantive claims De Cay seeks to raise do not fall within the exception to the appeal waiver for claims challenging punishment in excess of the statutory maximum.

The appeal waiver bars De Cay's appeal. *See Bond*, 414 F.3d at 544.

De Cay argues that even if the appeal waiver is enforceable, this court should decline to enforce it under a miscarriage of justice exception. He acknowledges that this court has not created such an exception to the application of appeal waivers, but he requests that we adopt the position of other circuits and create such an exception. De Cay maintains that the district court's errors at sentencing amounted to a miscarriage of justice.

This court routinely has ruled that issues waived in a valid, enforceable appeal waiver need not be considered. *See, e.g., Bond*, 414 F.3d at 546; *McKinney*, 406 F.3d at 747. In the present case, we need not determine whether we should adopt a miscarriage of justice exception to the enforcement of appeal waivers because De Cay's substantive claims are relatively standard challenges to the district court's guidelines sentence range calculation that would not fall within a miscarriage of justice exception. *See United States v. Andis*, 333 F.3d 886, 891-92 (8th Cir. 2003); *United States v. Khattak*, 273 F.3d 557, 562-63 (3d Cir. 2001). De Cay "is bound to his obligations under the plea agreement," and the appeal waiver bars his appeal. *McKinney*, 406 F.3d at 747.

DISMISSED.