# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40629

United States Court of Appeals
Fifth Circuit

**FILED**

May 27, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

RODOLFO MOLINA-BORRAYO,

Defendant – Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-1030-2

Before JOLLY, GARZA, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Rodolfo Molina-Borrayo, the defendant, appeals his sentence and the validity of his guilty plea and argues that he received ineffective assistance of counsel during his sentencing.

## I.

Molina-Borrayo was apprehended in November 2012 after being caught with a group of seven other men carrying large bundles of marijuana in Brooks County, Texas.[1]  Molina-Borrayo, along with the other captured men, agreed

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] One of the men with Molina-Borrayo apparently evaded capture.

No. 13-40629

to provide a statement without an attorney present. In his statement, Molina-Borrayo indicated that he entered the United States illegally by crossing the Rio Grande River, that he was provided with the marijuana-filled pack by a smuggler, and that he knew he was carrying marijuana. In return for this, Molina-Borrayo indicated that the smuggler would waive his smuggling fee. This statement was generally consistent with the statements of the other men captured with Molina-Borrayo.

All seven men were charged with, and pled guilty to, conspiracy to possess with intent to distribute more than 100 kilograms of marijuana, and aiding and abetting the possession of more than 100 kilograms of marijuana.

Before entering his guilty plea, Molina-Borrayo indicated to the probation officer assigned to him that he would provide a statement prior to sentencing. Nonetheless, Molina-Borrayo never provided a statement or a reason for his failure to do so. The pre-sentencing report (PSR) calculated a guideline range of forty-six to fifty-seven months of imprisonment, but recommended a sentence of sixty months consistent with the statutorily mandated minimum sentence for the offense.

At sentencing, the district judge asked whether Molina-Borrayo was eligible for a "safety-valve," which would allow Molina-Borrayo to escape the mandatory minimum sentence and be sentenced according to the guideline range. Both Molina-Borrayo's counsel and the Government indicated that the safety-valve was not applicable to this case. Molina-Borrayo's counsel later provided some explanation for this: "Mr. Borrayo gave a statement upon capture and he detailed what he was doing. And, although I know he would have been safety valve eligible because he didn't have any prior criminal history, but really he didn't have anything else to offer the Government." Consistent with this view, Molina-Borrayo's attorney did not object to the PSR. The district court accordingly adopted the PSR and sentenced Molina-Borrayo

2

to sixty months of imprisonment, noting "this court is bound by the minimum mandatory sentence. I have no discretion to go below the sixty months."

Molina-Borrayo now appeals both this sixty-month sentence – arguing that he should have received the safety-valve reduction – and his conviction. Molina-Borrayo also brings an ineffective assistance of counsel claim.

## II.

We turn first to the validity of Molina-Borrayo's guilty plea. Molina-Borrayo's only challenge to his guilty plea appears to be that his appeal waiver was not knowing and voluntary. As we have recognized in prior cases, holding that an appeal waiver is involuntary does not require striking down a guilty plea; instead, the involuntary appeal waiver can be invalidated independent of the guilty plea. *See, e.g.*, *United States v. Baty*, 980 F.2d 977, 978–79 (5th Cir. 1992) (invalidating appeal waiver, but not upsetting guilty plea); *United States v. Robinson*, 187 F.3d 516, 518–21 (5th Cir. 1999) (same).

Here, Molina-Borrayo does not present any argument that casts doubt on the voluntariness of his guilty plea. He only attacks the appeal waiver. As the Government is not asking us to enforce the appeal waiver, we see no need to dwell on this issue. Because Molina-Borrayo presents no other arguments concerning the validity of his guilty plea, we will not vacate it.

## III.

We turn now to Molina-Borrayo's sentencing challenge. Molina-Borrayo argues that the district court erred in failing to apply the "safety-valve" provision to his sentence. Because Molina-Borrayo did not raise this issue before the district court, it is reviewed for plain error. Fed. R. Crim. P. 52(b). "For reversible plain error, defendant must show a clear or obvious error that affects his substantial rights." *United States v. Mudekunye*, 646 F.3d 281, 287 (5th Cir. 2011). If these criteria are met, the court has discretion to correct the

No. 13-40629

error and "generally will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

The safety-valve provision has five requirements that must be met for an offender to be entitled to its application. U.S.S.G. § 5C1.2(a). The Government concedes that the first four are met here, so the only issue is whether Molina-Borrayo satisfies the fifth element. This requires that:

> [N]ot later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(5). Molina-Borrayo argues that he satisfied this requirement. If he did, he is entitled to escape the mandatory minimum sentence because the safety-valve provision is a non-discretionary sentence-range reduction. *United States v. Leonard*, 157 F.3d 343, 346 (5th Cir. 1998).

In demonstrating eligibility for the safety-valve reduction, "the defendant has the burden of ensuring that he has provided all the information and evidence regarding the offense to the Government." *United States v. Flanagan*, 80 F.3d 143, 146–47 (5th Cir. 1996). That is, "[i]t is up to the defendant to persuade the district court that he has 'truthfully provided' the required information and evidence to the government." *United States v. Montanez*, 82 F.3d 520, 523 (1st Cir. 1996). This is consistent with the general principle that the party seeking adjustment in the sentence has the burden of proving the facts to support the adjustment. *Flanagan*, 80 F.3d at 146.

Here, Molina-Borrayo offered no evidence to the district court that he had fully and truthfully debriefed. That is, when the district court initially

inquired into whether the safety-valve applies in this case, both Molina-Borrayo and the Government stated that it did not. It is not enough that Molina-Borrayo present facts to us that indicate he was eligible for the safety-valve reduction. He must establish that the district court plainly erred in holding that he had not carried his burden of establishing that he was safety-valve eligible. Because Molina-Borrayo conceded before the district court that he could not carry his burden, we cannot say that the district court plainly erred in holding the same.

Moreover, looking at the evidence that is available to us, it is not so clear that Molina-Borrayo was entitled to the safety-valve provision as to constitute plain error. At sentencing, Molina-Borrayo's attorney indicated that Molina-Borrayo "didn't have anything else to offer the Government." This could be read, as Molina-Borrayo argues, to indicate that Molina-Borrayo had given the Government all the information he had. Conversely, it could be read as indicating that Molina-Borrayo had provided all the information he was willing to give. This reading is strengthened by Molina-Borrayo's unexplained failure to provide a statement to the probation officer after indicating that he would do so. *Cf. United States v. McCrimmon*, 443 F.3d 454, 457–58 (5th Cir. 2006) (holding that the district court did not clearly err in denying the safety-valve reduction where defendant prematurely ended an interview with government agents). This reading of the facts may not be the most probable, but it is not a plainly erroneous reading. Combined with the fact that Molina-Borrayo conceded at sentencing that the safety-valve provision was inapplicable, we cannot say that the district court committed plain error in not applying the provision.

IV.

Lastly, Molina-Borrayo brings an ineffective assistance of counsel claim. Molina-Borrayo argues that his counsel was ineffective in failing to argue the

safety-valve issue at sentencing.   As a general rule, we do not consider ineffective assistance of counsel claims on direct appeal when those claims have not been raised in the district court.  *United States v. Haese*, 162 F.3d 359, 363 (5th Cir. 1998).  Here, Molina-Borrayo did not raise this issue before the district court, and, on this sparse record, we are unwilling to deviate from this general rule.  We therefore dismiss Molina-Borrayo's ineffective assistance of counsel claim without prejudice.

The Government has also filed a motion asking us to take judicial notice of the docket sheets in this case as well as the PSRs of the individuals with whom Molina-Borrayo was captured.   Because we are dismissing Molina-Borrayo's ineffective assistance of counsel claim, we deny the Government's motion.

V.

For these reasons, we AFFIRM Molina-Borrayo's conviction plea and sentence, DENY the Government's motion to take judicial notice of the docket sheets and PSRs in the related cases, and DISMISS Molina-Borrayo's ineffective assistance of counsel claim without prejudice.