# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2015

Lyle W. Cayce
Clerk

No. 14-10947
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SERVANDO PINEDA-CAMPOS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CR-255-8

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Servando Pineda-Campos was convicted, pursuant to his guilty plea, of conspiring to distribute and possess with intent to distribute 50 grams or more of methamphetamine, and he was sentenced to a 112-month term of imprisonment. His guilty plea was pursuant to an agreement in which he waived the right to appeal his conviction and sentence with only limited exceptions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10947

In his opening brief, Pineda-Campos asserts in a single sentence that his guilty plea is invalid because the appeal waiver provision of his plea agreement is ineffective.  He devotes the remainder of the opening brief to an attack on the validity of the appellate waiver provision, asserting that he was improperly forced to waive his appellate rights in order to receive a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b); *see United States v. Palacios*, 756 F.3d 325 (5th Cir. 2014).  In its brief, the Government avers that it did not condition receipt of the third point for acceptance of responsibility on Pineda-Campos's waiver of appellate rights.  The Government also argues, that even if the waiver of appellate rights is unenforceable, the judgment of the district court should still be affirmed because Pineda-Campos has not complained of an error that affected his conviction or his sentence.

Pineda-Campos's attorney-prepared briefs are not entitled to liberal construction.  *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986).  Even if an argument is asserted on appeal, the argument is deemed waived if it is not adequately briefed.  *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010) (stating that "[i]t is not enough to merely mention or allude to a legal theory" and concluding that the failure to brief an argument sufficiently results in its waiver (internal quotation marks and citation omitted)).  A party must "clearly identify[] a theory as a proposed basis for deciding the case." *Id.* at 447.  Further, arguments not presented in an appellant's initial brief are waived.  *See United States v. Jimenez*, 509 F.3d 682, 693 n.10 (5th Cir. 2007).  We will ordinarily not consider an argument raised for the first time in a reply brief.  *See United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

In view of the foregoing, the only issue presented for this court's review is a challenge to the validity of the appellate waiver provision of Pineda-

No. 14-10947

Campos's plea agreement; any other arguments are waived. *See Scroggins*, 599 F.3d at 446-47. Our decisions establish, however, that the invalidity of an appellate waiver provision does not necessitate vacatur of a defendant's conviction or sentence. *See, e.g.*, *United States v. Baty*, 980 F.2d 977, 878-79 (5th Cir. 1992) (invalidating appeal waiver provision of plea agreement, but affirming sentence). "[H]olding that an appeal waiver is involuntary does not require striking down a guilty plea; instead, the involuntary appeal waiver can be invalidated independent of the guilty plea." *United States v. Molina-Borrayo*, 569 F. App'x 232, 234 (5th Cir. 2014). Invalidation of an appellate waiver thus only entitles the defendant to raise a claim of error on appeal. The defendant must still show, of course, that an error existed. Campos-Pineda has not done so.

Campos-Pineda cites to several unpublished cases in which we have vacated and remanded for resentencing when defendants were improperly denied the third point for acceptance of responsibility under § 3E1.1(b) based on a refusal to waive their appellate rights. But he received the full three-point reduction. He makes no argument that casts doubt on the voluntariness of his guilty plea, and likewise he asserts no sentencing error. Because the appellate waiver provision of the plea agreement is not being applied in this matter, there is no need to consider Campos-Pineda's attack on that provision. *See id.*

The judgment of the district court is AFFIRMED.