# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10403
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 23, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTONIO FLORES, also known as Felipe Gallegos,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-279-1

Before JONES, HIGGINSON, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Antonio Flores appeals the below-guidelines sentence of 216 months of imprisonment he received after pleading guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute methamphetamine. He argues that the district court erred in applying certain guideline enhancements. Flores also raises a claim of ineffective assistance of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10403

The Government argues that the appeal is barred by the appeal waiver in the plea agreement.

We review de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). The record shows that the waiver was knowing and voluntary. *See id.* at 754-55.

Flores asserts that the appeal waiver is unenforceable because the sentencing determination was not made in accordance with existing law and the terms of the plea agreement. That argument is unavailing as the district court complied with the plea agreement by considering the guidelines calculation, and Flores's objections to it, when sentencing him.

Additionally, Flores argues that a miscarriage of justice exception to the waiver should apply and that the waiver is void as a matter of public policy because appellate review of sentences is a necessary component of the advisory Guidelines as set forth in *United States v. Booker*, 543 U.S. 220 (2005). However, we repeatedly have declined to apply the miscarriage of justice exception. *See, e.g., United States v. Arredondo*, 702 F. App'x 243, 244 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1713 (2018); *United States v. De Cay*, 359 F. App'x 514, 516 (5th Cir. 2010). Also, we have upheld broad appeal waivers like the one in post-*Booker* cases. *See, e.g., United States v. Pizzolato*, 655 F.3d 403, 405 (5th Cir. 2011).

Flores also argues that his counsel was ineffective for not objecting to the firearm enhancement. The appeal waiver contained an exception for claims of ineffective assistance of counsel. However, the claim was not developed sufficiently in the district court to evaluate this claim. We therefore decline to consider Flores's ineffective assistance of counsel claim without prejudice to his right to assert his claim on collateral review. *See United States v. Isgar*,

No. 18-10403

739 F.3d 829, 841 (5th Cir. 2014); *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987).

As it is barred by the appeal waiver, the appeal is **DISMISSED**.