United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41663
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL HELTON,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 9:05-CR-8-1
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Michael Helton appeals the 108-month sentence he received

following his guilty-plea conviction for possession with the

intent to distribute five grams or more of methamphetamine, in

violation of 21 U.S.C. § 841(a)(1). Although the Government

contends that the appeal is barred by the waiver-of-appeal

provision in the plea agreement, we decline to enforce the waiver

as the rearraignment transcript has not been included in the

record on appeal, rendering it impossible to discern whether

Helton knowingly and voluntarily waived his right of appeal. See

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States v. Baty, 980 F.2d 977, 979 (5th Cir. 1992); see also United States v. Robinson, 187 F.3d 516, 518 (5th Cir. 1999); FED. R. CRIM. P. 11(b)(1)(N).

Helton's appellate brief is extremely difficult to decipher. He initially invokes United States v. Booker, 543 U.S. 220 (2005), and seems to suggest that the district court erred in relying on the findings in the PSR because they were based on a preponderance of the evidence. The argument is without merit because, post-Booker, "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence." United States v. Mares, 402 F.3d 511, 519 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005).

Helton next states that the district court judge selectively rejected a portion of his plea agreement, but he does not affirmatively assert that this was error or provide any relevant argument with supporting authority, and he has thus waived the argument. See United States v. Thibodeaux, 211 F.3d 910, 912 (5th Cir. 2000); Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); see also Beasley v. McCotter, 798 F.2d 116, 118 (5th Cir. 1986).

Helton additionally complains that the plea agreement provided that he qualified for a safety-valve reduction under U.S.S.G. §§ 5C1.2 and 2D1.1(b)(7), but the Government failed to

abide by its agreement, citing Santobello v. New York, 404 U.S. 257 (1971). To the extent that Helton is arguing that the Government breached the plea agreement, his argument fails. Although the Government agreed that Helton would receive the benefit of safety-valve consideration, the district court did not accept the plea bargain reached by Helton and the Government. The court's refusal to accept the parties' agreement is not tantamount to a breach by the Government. See Santobello, 404 U.S. at 262 (once a plea agreement is made, there is "no absolute right to have a guilty plea accepted" by the trial court).

Helton's true complaint is that the district court misapplied the Guidelines by disqualifying him from safety-valve consideration based on his firearms possession when the 18 U.S.C. § 924(c) charge in the indictment was dismissed by the Government. The district court's application of the Sentencing Guidelines is reviewed de novo and its factual findings are reviewed for clear error. United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005). As part of his plea, Helton specifically admitted possessing 13 weapons in connection with his drug possession. The district court thus did not clearly err in finding that Helton possessed firearms, and it properly concluded that Helton's firearms possession disqualified him from safety-valve consideration. See United States v. Matias, ___ F.3d ___, 2006 WL 2615435, *3 (5th Cir. Sept. 13, 2006); U.S.S.G. §§ 5C1.2 and 2D1.1(b)(7).

The district court's judgment is AFFIRMED.