**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 2, 2012

No. 11-40325

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

KYLE EDWARD PALMER,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
6:09-CR-112-2

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This appeal arises out of Defendant-Appellant Kyle Edward Palmer's ("Palmer") challenge to his conviction and sentence following his guilty plea to conspiracy to possess with intent to distribute between 50 and 200 grams of a substance containing methamphetamine, in violation of 21 U.S.C. § 846. We conclude that Palmer waived his right to appeal his conviction and sentence by entering his guilty plea. Therefore, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40325

## I.

On October 1, 2010, Palmer pleaded guilty to the offense of conspiracy to possess with intent to distribute between 50 and 200 grams of a substance containing methamphetamine, in violation of 21 U.S.C. § 846. The following events occurred on the day that Palmer entered his plea. Palmer consented to have a plea hearing with Magistrate Judge John D. Love. Palmer and his counsel signed a factual resume, which was attached to his plea agreement. The factual resume stated explicitly that it could be "used by the Court to determine whether his plea is voluntary and knowing." The factual resume also stipulated to the amount of drugs involved in the conspiracy (50 to 200 grams), the value of the drugs (at least $20,000), and Palmer's unlawful and willful participation in the conspiracy. Palmer's counsel signed below a statement in the factual resume attesting that he reviewed both the factual resume and the plea agreement with Palmer. Palmer also signed below a statement in the factual resume that he carefully reviewed "every part of" it with counsel, understood it, and voluntarily agreed to it. The plea agreement, which was only eight-pages long, included a concise and clearly written waiver of "the right to appeal the conviction [and] sentence . . . on all grounds." Palmer and his counsel signed the last page of the plea agreement, attesting that they carefully reviewed "every part" of the agreement together and that the plea was knowing and voluntary.

Although it is unclear whether an equipment malfunction occurred or the recording was lost, there is no available verbatim recording of the plea proceeding. However, there is a copy of the checklist of the minute entry, completed by the deputy clerk, which establishes that a plea proceeding occurred on October 1, 2010, with Judge Love from 9:40 a.m. until 10:05 a.m. The checked boxes on the minute entry indicate that Palmer appeared with counsel; that Palmer was advised of the charges, his right to counsel, maximum penalties, and right to remain silent; that the factual resume was read and the factual basis for the plea was established; and that the court found the plea

2

"voluntary, knowledgeable & that it has a basis in fact."

On October 6, 2010, Judge Love filed a Report and Recommendation in regard to the plea proceedings. Judge Love reported that the court had admonished Palmer as required by Federal Rule of Criminal Procedure 11. Judge Love also found that Palmer fully understood the terms of the plea agreement, and that he understood and wished to waive his constitutional and statutory rights. On October 25, 2010, United States District Judge Leonard Davis of the Eastern District of Texas adopted Magistrate Judge Love's Report and Recommendation. Judge Davis' order states that Palmer made no objections to the Report and Recommendation.

The district court held a sentencing hearing on March 1, 2011, during which it adopted the Pre-Sentence Investigation Report (PSR) in its entirety. Palmer raised no objections to the PSR during the sentencing hearing. The PSR calculated Palmer's offense level at twenty-three and his criminal history at Category V.[1] This resulted in an advisory Guidelines sentencing range of 84 to 105 months. The district court imposed a sentence of 105 months' imprisonment and five years' supervised release.[2]

Palmer timely filed notice of appeal from the judgement of conviction and sentence. Palmer contends that the appeal waiver included in his plea agreement is unenforceable. He further alleges that the district court's failure to record the plea proceedings in violation of Rule 11 constituted reversible plain error.[3]

---

[1] Palmer's criminal history was based on nine prior convictions and the fact that he was on state parole when he committed the instant offense.

[2] The district court also imposed a $100 special assessment and granted the government's motion for criminal forfeiture.

[3] Fed. R. Crim. P. 11(g), which applies to the recording of plea proceedings, states: "The proceedings during which the defendant enters a plea must be recorded by a court reporter or by a suitable recording device. If there is a guilty plea or nolo contendere plea, the record must include inquiries and advice to the defendant required under Rule 11(b) and (c)."

## II.

When, as here, a defendant's challenge to an appeal waiver rests solely on a Rule 11 deficiency, and the defendant did not contemporaneously object to the district court's failure to comply with Rule 11, the court's review is for plain error in light of the record as a whole. *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011), *cert. denied* - - - U.S. - - - -, 132 S.Ct. 758, 181 L.Ed.2d 490 (2011). To succeed on plain-error review, Palmer has the burden of showing: (1) an error, (2) that was plain, and (3) that affected his substantial rights. *Id.* If Palmer makes this showing, then the panel may exercise its discretion to correct the error only if it seriously affects the "fairness, integrity, or public reputation of judicial proceedings." *Id.*

Generally, a defendant may waive his right to appeal. *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). To determine the validity of an appeal waiver, the court conducts "a two-step inquiry: (1) whether the waiver was knowing and voluntary[,] and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the [plea] agreement." *United States v. Bond*, 414 F.3d 542, 545 (5th Cir. 2005). Palmer's claims involve only the first step of this inquiry.[4]

Palmer asserts that the lack of a recorded transcript of the plea proceedings prevents the appellate court from ascertaining whether he knowingly and voluntarily waived his right to appeal. Palmer further asserts that because there is no recording of the plea proceedings, the court can assume that the district court failed to advise him about the appeal waiver, and thus, it is unenforceable. In contrast, the government points out that the available portions of the record indicate that Palmer knowingly and voluntarily waived his

---

[4] The second step is easily met in Palmer's case. Palmer's plea agreement states that he waived his "right to appeal the conviction, sentence, fine and/or order of restitution or forfeiture in this case on all grounds," and the waiver contained no express exceptions. Palmer's allegation that the district court's Rule 11 errors are grounds for vacating his conviction and sentence fall squarely within the appeal waiver.

right to appeal his judgment of conviction and sentence.

We agree with the government.  In an unpublished, but persuasive opinion, we affirmed that other parts of the available record can establish that a defendant consented knowingly and voluntarily to an appeal waiver in a plea agreement.  *See United States v. Tucker*, 136 F. App'x 700, 700 (5th Cir. 2005) (per curiam) (unpublished).  Here, three relevant portions of the available record show that Palmer knowingly and voluntarily waived his right to appeal.  First, Palmer included his signature immediately below a statement included on the last page of the plea agreement that states: "I have read (or had read to me) this plea agreement and have carefully reviewed every part of it with my attorney." The conciseness and clarity of the appeal waiver contained in the plea agreement, which was only eight-pages long in its entirety, lends further support to the conclusion that Palmer understood the waiver.  *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994) (recognizing that a "clearly written and relatively short" appeal waiver was persuasive evidence to show that a defendant understood the terms of the appeal waiver).

Second, the Report and Recommendation signed by Magistrate Judge Love on October 6, 2010, five days after Palmer entered into the plea agreement, shows that Palmer knowingly and voluntarily waived his right to appeal.  In his findings, Judge Love stated explicitly that the "defendant fully understands the terms of the plea agreement" and that "the defendant understands his constitutional rights and wishes to waive these rights."  Palmer did not file any objection to the Report and Recommendation, and the district court entered an order adopting the Report and Recommendation on October 25, 2010.

Third, the factual resume attached to the plea agreement indicates that Palmer knowingly and voluntarily waived his right to appeal.  The first sentence of the factual resume stated: "IT IS HEREBY STIPULATED, by the defendant . . . that [he] understands and agrees, with the express consent of counsel . . . that this factual resume may be used by the Court to determine whether his plea

is voluntary and knowing . . . ." The second page of the factual resume also included the following statement:

> I have read this factual resume and the plea agreement in this matter and have reviewed them with my client. Based upon my discussions with the defendant, I am satisfied that he understands the terms of this factual resume and the plea agreement and is signing this factual resume voluntarily.

Both Palmer and his counsel signed the factual resume. The plea agreement included the appeal waiver. Therefore, Palmer's assent to the factual resume establishes that he waived his right to appeal voluntarily and knowingly.

Because we conclude that the appeal waiver in Palmer's plea agreement is enforceable, we do not reach the merits of his appeal.

### III.

For the foregoing reasons, Palmer's conviction and sentence are AFFIRMED.