# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 8, 2013

No. 12-40215
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLARENCE LEE WILLIAMS, JR.,

Defendant-Appellant

Cons. w/ No. 12-40216

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLARENCE LEE WILLIAMS, JR., ANSAN SUMAN-AMIR MEADOWS,

Defendants-Appellants

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 5:09-CR-18-1
USDC No. 5:10-CR-5-3

No. 12-40215
c/w No. 12-40216

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Clarence Lee Williams, Jr., appeals his guilty plea convictions for dealing in counterfeit obligations and securities and conspiracy to possess with intent to distribute cocaine and marijuana. He asserts that due to equipment failure there is no transcript of his rearraignment hearing; he argues that his appellate counsel, who did not represent him in the district court, was therefore prevented from reviewing the rearraignment for any errors, which has resulted in a substantial and significant plain error.

The Government argues that the available record demonstrates that Williams knowingly and voluntarily waived his right to appeal his convictions and that his claim is barred by the appeal waiver.

The available record, which includes the plea agreement, the factual resume, the magistrate judge's report, and the district court's order adopting it, demonstrates that Williams knowingly and voluntarily waived his right to appeal his conviction and sentence. *See United States v. Palmer*, 2012 WL 4503411 at *2 (5th Cir. Oct. 2, 2012) (No. 11-40325).[1] Williams has not argued to the contrary. We therefore conclude that the appeal waiver is valid and enforceable. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Williams's claim of a missing transcript, without more, does not fall within the exceptions to the appeal waiver. Therefore, the appeal waiver bars Williams from raising this claim on appeal. *See McKinney*, 406 F.3d at 746.

In his appeal, Ansan Suman-Amir Meadows challenges the district court's forfeiture amount. He contends that the amount of marijuana (750 kilograms)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Although *Palmer* is not controlling precedent, it is persuasive authority. *See* 5TH CIR. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006).

was speculative, it should have been valued at $375 per pound, and he was entitled to an offset of $18,690 for the amount seized and forfeited to the State of Texas and the $10,000 that was seized by the State but was never returned to him. He also challenges the forfeiture of the firearms because there was no evidence that he used the firearms to commit the offense.

The district court's calculation of the forfeiture amount was based on the testimony of Paul Jason Alvarez, Officer Richard Greer, and Agent Lance Cline showing that Meadows was responsible for selling at least 750 kilograms of marijuana valued at $400 per pound. The district court also found that the firearms and ammunition were used in furtherance of the drug conspiracy based on the testimony of Officer Green and Agent Cline. Because the district court's fact findings concerning the forfeiture amount and Meadows's use of the firearms and ammunition were "plausible in light of the record as a whole," the district court's fact findings were not clearly erroneous. *See United States v. Holmes*, 406 F.3d 337, 363 (5th Cir. 2005).

Meadows has not cited any authority to support his argument that he was legally entitled to an offset of any amounts seized by the State. In view of the dual sovereignty doctrine which allows the State of Texas and the United States to prosecute Meadows for the same act that violates their respective laws and to order forfeitures, Meadows has not shown that the district court erred in rejecting his argument for such an offset. *See United States v. Cothran*, 302 F.3d 279, 285 (5th Cir. 2002); 21 U.S.C. § 853; *$43,774.00 United States Currency v. State*, 266 S.W.3d 178, 182 (Tex. Ct. App. 2008) (citing TEX. CODE CRIM. PROC. ANN. arts. 59.01–.14 (Vernon 2006 & Supp.2008)).

AFFIRMED.