# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40035
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 29, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHANE PATRICK LAND,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CR-19

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Shane Patrick Land appeals his conviction and sentence for wire fraud. He was sentenced to serve 41 months in prison and ordered to pay $993,869.06 in restitution. Land's agreement to plead guilty included a waiver of his right to appeal. We agree with the government that the waiver is enforceable. Accordingly, we DISMISS the appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40035

A defendant may waive his statutory right to appeal as part of a valid plea agreement if (1) the waiver is knowing and voluntary, and (2) the waiver "applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Land argues that, due to the absence of an audio recording of the rearraignment as required by Federal Rule of Criminal Procedure 11(g), the appeal waiver contained in his plea agreement is unenforceable. Further, Land claims the absence of a recording unfairly prevents him from making a meaningful argument that his guilty plea was not knowing and voluntary.

The available record includes the plea agreement and factual statement, the minute entry describing the rearraignment, the magistrate judge's report recommending acceptance of the guilty plea (to which Land did not object), and the district court's acceptance of Land's guilty plea. This is a sufficient record to review whether Land knowingly and voluntarily waived his right to appeal his conviction and sentence.

We have held that when the district judge fails to refer specifically to the appeal waiver during the exchange required by Federal Rule of Criminal Procedure 11, the waiver is still valid when: there is evidence that the defendant read the agreement containing the waiver, the defendant indicates he understood what was in the agreement, and no evidence indicates that the defendant failed to understand the waiver. *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994). In two unpublished opinions that we conclude properly analyzed the same questions we now face, panels of this court held that when there was no recording of the Rule 11 hearing, the available record may still support the voluntariness of the waiver. In one opinion, we held that "the plea agreement, the factual resume, the magistrate judge's report, and the district court's order adopting it, demonstrate[] that Williams knowingly and

2

voluntarily waived his right to appeal. . . ." *United States v. Williams*, 519 F. App'x 303 (5th Cir. 2013). In another, we upheld the waiver based on the following facts: the defendant signed the plea agreement, which included the appeal waiver, beneath a statement that he had read and understood it; the appeal waiver was concise and clear; the magistrate judge's report and recommendation found that the defendant understood the appeal waiver and agreed to it; and the factual resume attached to the plea agreement also stated that the defendant knowingly and voluntarily waived the right to appeal. *United States v. Palmer*, 493 F. App'x 545, 547–48 (5th Cir. 2012).

Land argues that a different unpublished opinion of this court should lead us to invalidate the appeal waiver. *See United States v. Helton*, 203 F. App'x 682 (5th Cir. 2006). There, the absence of a Rule 11 transcript caused the court to set aside the appeal waiver. The decision not to enforce the waiver was explained this way: "we decline to enforce the waiver as the re-arraignment transcript has not been included in the record on appeal, rendering it impossible to discern whether Helton knowingly and voluntarily waived his right of appeal." *Helton*, 203 F. App'x at 683. The opinion does not suggest that the government argued that evidence other than the plea agreement itself proved that the defendant's appeal waiver was knowing and voluntary. *Id.* We do not see *Helton* as persuasively indicating we should invalidate the appeal waiver here.

We conclude there is no automatic invalidation of the waiver due to the absence of a recording. The record in this case contains evidence that Land's appeal waiver was knowing and voluntary. Land's plea agreement, which contained the appeal waiver, includes his signature above a statement that he fully understood and voluntarily entered into the agreement. The appeal waiver is clear and concise. Beyond the plea agreement itself, the magistrate's

order recommending acceptance of the guilty plea states that the defendant consulted with counsel and knowingly and voluntarily entered the guilty plea. The defendant did not object to this factual finding. Additionally, the minute entry from the rearraignment hearing before the magistrate judge reflects that the court reviewed the plea agreement with Land and found the plea was voluntarily and knowingly made. This evidence satisfies us that the appeal waiver was voluntarily and knowingly made and is enforceable.

Because the waiver states that Land waived his right to appeal his conviction, sentence, and restitution order "on all grounds," subject to certain exceptions not here applicable, the plain language of the waiver bars Land's appellate claims. *See Bond*, 414 F.3d at 544. Accordingly, the government's motion to dismiss is GRANTED, its motion for summary affirmance is DENIED, its alternative motion for extension of time is DENIED, and Land's motion for oral argument is DENIED.

DISMISSED.