IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-50544

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ADRIAN SANTA CRUZ

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-233-2

Before JONES, Chief Judge, and OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Adrian Santa Cruz pleaded guilty pursuant to a written plea agreement to two counts of carjacking in violation of 18 U.S.C. § 2119, and to brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 2, 924(c)(1). Under the terms of the plea agreement, Santa Cruz expressly waived the right to a direct appeal of his sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Santa Cruz argues that his sentencing was unfair and his guilty plea was not knowing or voluntary because the Government withheld evidence in violation of the Fifth Amendment and Brady v. Maryland, 373 U.S. 83 (1963). He also argues that his sentence violates his rights under the Sixth Amendment, as interpreted in United States v. Booker, 543 U.S. 220 (2005) and Crawford v. Washington, 541 U.S. 36 (2004), and that the district court made several errors in applying the Guidelines. The Government seeks enforcement of the appeal-waiver provision.

1. Santa Cruz argues that his guilty plea was not knowing and voluntary because of the Government's alleged Brady violations, which occurred before his guilty plea was entered. This argument is foreclosed by our circuit precedent. See Orman v. Cain, 228 F.3d 616, 617 (5th Cir. 2000) ("Brady requires a prosecutor to disclose exculpatory evidence for purposes of ensuring a fair trial, a concern that is absent when a defendant waives trial and pleads guilty. Because the Supreme Court has yet to extend Brady to guilty pleas (let alone extend it retroactively), the district court erred . . . ."); Matthew v. Johnson, 201 F.3d 353, 361-62 (5th Cir. 2000) ("Because a Brady violation is defined in terms of the potential effects of undisclosed information on a judge's or jury's assessment of guilt, it follows that the failure of a prosecutor to disclose exculpatory information to an individual waiving his right to trial is not a constitutional violation.") (internal quotation omitted); see also United States v. Ruiz, 536 U.S. 622, 634 (2002) (Thomas, J., concurring) ("The principle supporting Brady was avoidance of an unfair trial to the accused. That concern is not implicated at the plea stage regardless.") (internal quotation omitted). But see Erica G. Franklin, Waiving Prosecutorial Disclosure in the Guilty Plea Process: A Debate on the Merits of "Discovery" Waivers, 51 STAN. L. REV. 567,

573 n.43 (1999) (collecting cases holding to the contrary). Moreover, Santa Cruz expressly waived all pretrial discovery issues in his plea agreement. Further, even after learning about these alleged Brady violations, Santa Cruz did not move to withdraw his guilty plea before his sentencing and the trial court committed no plain error. The issue is either waived or foreclosed in this court.

2. This court reviews de novo whether a waiver provision bars an appeal. United States v. Baymon, 312 F.3d 725, 727 (5th Cir. 2002). The record shows that Santa Cruz was aware of his right to appeal and that he was waiving that right by pleading guilty pursuant to his written plea agreement. Moreover, the trial court carefully complied with the requirements of Federal Rule of Criminal Procedure 11(b)(1)(N). Because the record reflects that Santa Cruz's waiver of appeal was knowing and voluntary, all of his sentencing claims are barred. See United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005).

Irrespective of the waiver-of-appeal provision, Santa Cruz's constitutional claims under Booker, Crawford, and Brady are meritless. His Booker and Crawford arguments are foreclosed. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005) (holding post-Booker that the Guidelines are advisory and "[t]he sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range"); United States v. Fields, 483 F.3d 313, 332 (5th Cir. 2007), cert. denied, 128 S. Ct. 1065 (2008) (Crawford does not bar use of testimonial hearsay in non-capital sentencing). To the extent Santa Cruz argues that the Government's alleged Brady violations prevented him from presenting evidence at the sentencing hearing that his co-defendant was more aggressive than he and that he saved the victim's life during the second carjacking, his arguments are entirely

speculative; he has made no attempt to demonstrate that allegedly withheld statements were exculpatory as well as material.

Accordingly, the district court's judgment is AFFIRMED.