**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Courtney POWELL, Defendant–**
**Appellant.**

**No. 13–50182**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 26, 2014.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Cromwell Adair Dyer, Jr., Law Office of Adair Dyer, Jr., Austin, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM: *

Courtney Powell pleaded guilty to possessing with intent to distribute methamphetamine and of being a felon in possession of a firearm, and was sentenced to concurrent 160– and 120–month terms of imprisonment. He appeals his conviction and sentence. The government moves to enforce a clause in Powell's plea agreement waiving his right to appeal with certain exceptions that the government argues are inapplicable, and accordingly moves to dismiss the appeal. We deny the government's motion to dismiss the appeal but grant the government's request to enforce the plea agreement in part, and we affirm Powell's conviction and sentence.

## I.

Courtney Powell pleaded guilty to possessing with the intent to distribute a mixture or substance that contained a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a). He was arrested during a traffic stop pursuant to a parole warrant and was found with 37.74 grams of methamphetamines in Ziploc bags, a small digital scale, empty Ziploc bags, and $2,471 in cash. Investigators determined that the methamphetamine found in Powell's possession was D-methamphetamine hydrochloride, commonly known as "ICE." According to investigators, one ounce of

ICE was worth $1500, and, accordingly, the $2,471 found in Powell's possession was the cash equivalent of 1.64 ounces or 46.70 grams of ICE. Officers also discovered, with the assistance of a narcotics-sniffing canine, 1.07 grams of methamphetamine actual and various firearms and ammunition in Powell's home pursuant to a search warrant following Powell's arrest.

Powell signed a written plea agreement in which he agreed to plead guilty to both the distribution and felon-in-possession charges. The plea agreement contained a waiver of Powell's right to appeal his conviction or sentence except to challenge a sentence above the maximum authorized by statute or above the "applicable" U.S. Sentencing Guidelines range. Powell entered his plea before a magistrate judge, and the district court accepted the plea and plea agreement.

The district court determined that the applicable advisory U.S. Sentencing Guidelines range of imprisonment was between 151 and 188 months. The district court determined that Powell would be held responsible for 84.44 grams of ICE and 1.07 grams of methamphetamine actual, resulting in a base offense level of 32, putting his base offense level at 32 pursuant to § 2D1.1 of the Sentencing Guidelines. The amount of ICE for which the district court held Powell responsible included $2,471 found on Powell's person at the time of his arrest, which the Sentencing Guidelines permit to be "converted" into ICE for sentencing purposes. The district court further determined that Powell's firearm possession would give rise to a two-level increase under § 2D1.1(b)(1) of the Sentencing Guidelines, and that Powell was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled to a three-level reduction for acceptance of responsibility. The drug count carried a statutory maximum term of 240 months, and the felon-in-possession charge carried a statutory maximum term of 120 months. 18 U.S.C. § 922(g)(1); 21 U.S.C. §§ 841(a)(1), (b)(1)(C). Accordingly, the advisory guidelines imprisonment range on count two was capped at 120 months of imprisonment.

In his sole objection to the PSR, Powell argued that the PSR erroneously converted $2,471 found on Powell's person at the time of his arrest into ICE. He argued that the currency should have been converted using the street price for regular methamphetamine or, alternatively, not converted at all. At sentencing, the district court overruled Powell's objection, concluding that "[i]t is appropriate for the probation officer to have used the calculation and conversion of the ICE, since that's what Mr. Powell was selling at the time, and he has no evidence to the contrary."

The district court accepted the guidelines calculations as set forth in the PSR and sentenced Powell to concurrent 160– and 120–month terms, respectively on his convictions under §§ 841 and 922. He was also sentenced to two concurrent three-year terms of supervised release. Powell timely appealed.

## II.

On appeal, Powell asserts various claims of error challenging his convictions and corresponding sentences imposed by the district court. Powell asserts, namely: that the district court erred in converting the seized cash to a quantity of controlled substance; that counsel's failure to insist on a jury trial based on the attribution of cash to drugs constituted ineffective assistance of counsel; that police investigators' use of a narcotics-sniffing canine at Powell's home constituted an unreasonable search under the Fourth Amendment; that the search of Powell's automobile constituted an unreasonable search under the Fourth Amendment; that the Second Amendment protects the right of a convicted felon to keep a firearm if he has never been convicted of a firearm offense or of physical violence; and that counsel's failure to raise a Second Amendment issue constituted ineffective assistance of counsel.

The Government moved to have Powell's appeal dismissed as barred by Powell's waiver of his right to appeal. "We have jurisdiction to hear [Powell's] appeal pursuant to both 28 U.S.C. § 1291 and 18 U.S.C. § 3742[,]" notwithstanding the appeal-waiver clause of his plea agreement. *United States v. Story,* 439 F.3d 226, 230–31 (5th Cir.2006). "Although the analogy may not hold in all respects, plea bargains are essentially contracts." *Puckett v. United States,* 556 U.S. 129, 137, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009). "We must interpret the plea agreement like a contract, in accord with what the parties intended." *United States v. Bond,* 414 F.3d 542, 545 (5th Cir.2005). "[A] plea agreement is construed strictly against the Government as the drafter." *United States v. Elashyi,* 554 F.3d 480, 501 (5th Cir.2008); *see United States v. Somner,* 127 F.3d 405, 408 (5th Cir.1997) ("The waiver must be construed against the government."). A defendant may waive his or her statutory right to appeal in a written plea agreement, as long as the defendant agrees to the waiver voluntarily and intelligently. *E.g., Story,* 439 F.3d at 231 (citing *United States v. Baymon,* 312 F.3d 725, 727 (5th Cir.2002)); *see* FED.R.CRIM.P. 11(b)(1)(N) (requiring district courts to "inform the defendant of, and determine that the defendant understands, ... the terms of any plea-agreement provision waiving the right

to appeal or to collaterally attack [the] sentence"); *United States v. Cuevas–Andrade*, 232 F.3d 440, 446 (5th Cir.2000) (providing that, to be effective, plea agreement waivers must be informed and voluntary under the standard set forth in Rule 11's colloquy requirement).

"A criminal defendant's waiver of the right to appeal relinquishes significant rights. Such a waiver therefore involves special concerns and will be narrowly construed." *United States v. Harris*, 434 F.3d 767, 770 (5th Cir.2005). "To determine whether an appeal of a sentence is barred by an appeal waiver provision in a plea agreement, we conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *Bond*, 414 F.3d at 544. Some courts also conduct a third step, inquiring whether this court's "failure to consider [the defendant's] claim will result in a miscarriage of justice," though this court has not found it necessary to adopt or reject this step. *United States v. Riley*, 381 Fed.Appx. 315, 316 (5th Cir.2010); *see, e.g., United States v. Snelson*, 555 F.3d 681, 685 (8th Cir.2009); *United States v. Khattak*, 273 F.3d 557, 562–63 (3d Cir. 2001); *United States v. Teeter*, 257 F.3d 14, 25 (1st Cir.2001). "The government bears the burden of establishing that the plea agreement clearly and unambiguously waives the defendant's right to appeal, and ambiguities in the agreement are construed against the government." *United States v. Azure*, 571 F.3d 769, 772 (8th Cir.2009); *see Elashyi*, 554 F.3d at 501.

A review of the record shows that Powell's appeal waiver was entered knowingly and voluntarily, *see United States v. Portillo*, 18 F.3d 290, 292 (5th Cir.1994), and Powell does not assert otherwise. Before reaching the merits of Powell's contentions, then, we must consider whether each of Powell's claims of error is contractually barred by the appeal-waiver provision of his plea agreement.

### A.

In Powell's first assignment of error, he contends that the district court erred in converting the seized cash to a quantity of controlled substance. Powell argues that the district court's conversion of seized cash to a quantity of controlled substance deprived Powell of his right to a jury trial on an element of the offense which enhances punishment. *See Alleyne v. United States*, — U.S. —, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013); *Apprendi v. New Jersey*, 530 U.S. 466, 476, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Powell also asserts that his trial counsel provided ineffective assistance of counsel for failing to raise this issue. The government objects that the appeal-waiver clause in Powell's plea agreement precludes him from asserting these errors. We therefore first consider "whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *Bond*, 414 F.3d at 544.

### 1.

■ The appeal-waiver clause in Powell's plea agreement provided: "The Defendant agrees to waive and give up his right to appeal his conviction or sentence on any ground, except in a case in which the sentence imposed by the Court is greater than the maximum sentence authorized by statute. Moreover, the Defendant retains his right to appeal a sentence imposed by the Court that is *above the applicable sentencing guideline range.*" (Emphasis added.) As an initial matter, the first exception to Powell's plea agreement, for sentences exceeding the statutory maximum, is inapplicable. Powell's

conviction of § 841(b)(1)(C) carried a twenty-year statutory maximum term of imprisonment. Powell was sentenced to 160 months of imprisonment on his drug conviction. Because the sentence did not exceed the statutory maximum, the first exception to his appeal waiver is inapplicable. Powell argues that the second exception to the appeal-waiver clause applies, reasoning that if the district court incorrectly calculated the "applicable" guidelines imprisonment range, his 160–month sentence was above the correct range. The government contends that the appeal-waiver clause applies because Powell was sentenced within the guidelines range of 151 to 188 found to be "applicable" by the district court. We think that Powell has the better argument.

The appeal-waiver clause could fairly be read two ways. On the one hand, it could be interpreted as barring appeals of the defendant's sentence above the sentencing guidelines range that the district court determined was "applicable," as the government contends. On the other hand, it could be interpreted as barring appeals of the defendant's sentence above the *correct* "applicable" guidelines range—assuming, *arguendo,* that the district court made an error in calculating the "applicable" guidelines range, as Powell contends. If a clause in a plea agreement is fairly susceptible to more than one interpretation, the clause is ambiguous and the defendant's interpretation must prevail. *See Harris,* 434 F.3d at 770; *see also Azure,* 571 F.3d at 772; *Bond,* 414 F.3d at 544. We therefore adopt Powell's interpretation of the appeal-waiver clause. *See, e.g., Harris,* 434 F.3d at 771 (holding that clause exempting appeals of sentences "in excess of the Guidelines" from appeal waiver did "not clearly establish that the defendant agreed that inapplicable guidelines would be the benchmark by which his right to appeal would be measured" and accordingly declining to enforce waiver with respect to defendant's challenge of his sentence); *United States v. Kemp,* 530 F.3d 719, 723 (8th Cir.2008) (same, considering the phrase "advisory guideline range established by the Court for the offense" in appeal-waiver clause). The appeal-waiver clause therefore does not apply to Powell's first assignment of error. We therefore turn to the merits of that claim of error.

**2.**

■ Powell asserts that the district court erred in attributing 46.70 grams of ICE to him based on (1) his simultaneous possession of a quantity of ICE and $2,471 in cash and (2) a statement made in the PSR that ICE could be purchased for $1,500 per ounce. Powell argues that the quantity of drugs for which he was held responsible should have been proven beyond a reasonable doubt and that the district court erred in simply accepting the facts as stated in the PSR without taking evidence on the issue or submitting the question to a jury.

Any fact that increases a defendant's statutory minimum sentence must be submitted to a jury and proved beyond a reasonable doubt. *Alleyne v. United States,* —— U.S. ——, 133 S.Ct. 2151, 2163, 186 L.Ed.2d 314 (2013). Moreover, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi,* 530 U.S. at 490, 120 S.Ct. 2348. *Alleyne* is inapplicable here as Powell was not subject to any statutory minimum sentence. *See* 21 U.S.C. § 841(b)(1)(C). Powell was sentenced to 160 months of imprisonment on his drug conviction, which was below the statutory maximum sentence of twenty years. Because the sentence did not exceed the statutory maximum, *Apprendi* is also inapplicable. *See United States v.*

*Cathey,* 259 F.3d 365, 368 n. 12 (5th Cir. 2001). Because *Apprendi* and *Alleyne* do not apply, the district court was not required to find the quantity of drugs beyond a reasonable doubt; instead, the district court may make a finding as to the quantity of drugs based upon a preponderance of the evidence. *United States v. Betancourt,* 422 F.3d 240, 247 (5th Cir. 2005).

■ "This Court reviews the district court's findings of fact with respect to sentencing under the clear error standard." *Id.* at 244. The district court may estimate drug amounts for sentencing purposes if its estimates are reasonable and based on reliable evidence. *Id.* at 246–47; *see also* U.S.S.G. § 2D1.1, cmt. (n. 5). It may extrapolate drug estimates "from any information that has sufficient indicia of reliability to support its probably accuracy." *United States v. Valdez,* 453 F.3d 252, 267 (5th Cir.2006) (internal quotation marks and citation omitted). The PSR considered by the district court "generally bears sufficient indicia of reliability to be considered as evidence by the trial judge in making factual determinations required by the sentencing guidelines." *United States v. Alford,* 142 F.3d 825, 831–32 (5th Cir.1998) (internal quotation and citation omitted). The defendant must bear the burden of presenting rebuttal evidence to demonstrate that the information in the PSR is inaccurate or materially untrue. *United States v. Washington,* 480 F.3d 309, 320 (5th Cir.2007).

Contrary to Powell's assertion, the district court did not simply accept the facts as stated in the PSR without allowing Powell a chance to offer evidence to rebut those facts. The district court offered Powell a chance to present evidence on the issue of drug quantity and Powell declined to do so. Powell thus failed to rebut the information contained in the PSR, and the district court did not clearly err in converting the cash into ICE for sentencing purposes. We find no error that would warrant reversal of Powell's conviction or sentence on this ground.

Powell also asserts that counsel's failure to insist on a jury trial based on the attribution of cash to drugs constituted ineffective assistance of counsel. We decline to reach this issue for the first time on appeal; the claim was not raised in the district court and the record does not permit us to evaluate the merits of Powell's claim. *See Massaro v. United States,* 538 U.S. 500, 504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance."); *United States v. Aguilar,* 503 F.3d 431, 436 (5th Cir.2007); *United States v. Gibson,* 55 F.3d 173, 179 (5th Cir.1995); *United States v. Higdon,* 832 F.2d 312, 313–14 (5th Cir.1987).

**B.**

■ Next, Powell asserts that police investigators' use of a narcotics-sniffing canine at Powell's home and the traffic stop and search of Powell's automobile constituted unreasonable searches and seizures under the Fourth Amendment. The government urges that Powell waived the right to appeal this issue. We agree. Powell never sought a ruling on his motion to suppress, and his plea agreement did not specifically reserve the right to raise these Fourth Amendment issues on appeal. By entering into an unconditional plea agreement, Powell waived any right to appeal these issues. *See United States v. Coil,* 442 F.3d 912, 914 (5th Cir.2006); *United States v. Wise,* 179 F.3d 184, 186–87 (5th Cir.1999); *United States v. Bell,* 966 F.2d 914, 915 (5th Cir.1992). We therefore decline to reach the merits of Powell's Fourth Amendment claims.

Powell also asserts that his trial counsel provided ineffective assistance of counsel by allowing or counseling him to plead guilty without seeking a ruling on his motion to suppress. For substantially the same reasons set forth above with respect to Powell's first assignment of error, we decline to reach this issue for the first time on appeal. *See Massaro,* 538 U.S. at 504, 123 S.Ct. 1690; *Aguilar,* 503 F.3d at 436; *Gibson,* 55 F.3d at 179; *Higdon,* 832 F.2d at 313–14.

### C.

■ Finally, Powell asserts that the Second Amendment protects the right of a convicted felon to keep a firearm if he has never been convicted of a firearm offense or of physical violence, and that his counsel was ineffective for failing to raise this issue in the district court. The government urges that this claim of error is barred by Powell's appeal-waiver clause. We are hesitant to conclude that appeal-waiver clauses in plea agreements would prevent a defendant from making certain challenges that his conviction or sentence is unconstitutional or otherwise illegal. *See United States v. Walton,* 537 Fed.Appx 430, 436 (5th Cir.2013) (citing *United States v. Michelsen,* 141 F.3d 867, 872 n. 3 (8th Cir.1998)), *cert. denied,* —— U.S. ——, 134 S.Ct. 712, 187 L.Ed.2d 572 (2013); *see also United States v. Santa Cruz,* 297 Fed. Appx. 300, 302 (5th Cir.2008) ("Irrespective of the waiver-of-appeal provision, Santa Cruz's constitutional claims . . . are meritless."); *Harris,* 434 F.3d at 774 ("Even assuming that it was not waived, Harris's *Booker* complaint has no merit."). However, we need not resolve whether to enforce the appeal waiver with respect to Powell's Second Amendment-based challenge because Powell's argument is precluded by our precedent. *See United States v. Anderson,* 559 F.3d 348, 352 (5th Cir.2009); *United States v. Darrington,*

351 F.3d 632, 633–34 (5th Cir.2003); *see also District of Columbia v. Heller,* 554 U.S. 570, 626–27, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) ("[N]othing in our opinion should be taken to cast doubt on long-standing prohibitions on the possession of firearms by felons[.]"). The Second Amendment does not preclude Powell's conviction of being a felon in possession of a firearm nor the sentence imposed pursuant to that conviction.

\* \* \*

For the foregoing reasons, the government's motion to dismiss the appeal is DENIED. Powell's conviction and sentence are AFFIRMED.