# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10892
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 15, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

TEVIN RASHAD WRIGHT,

      Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-116-1

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

The Supreme Court granted Tevin Wright's petition for certiorari, vacated this Court's judgment in *United States v. Wright*, 642 F. App'x 486 (5th Cir. 2016), and remanded to this Court for our further consideration in the light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Wright v. United*

---

\* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10892

*States*, 137 S. Ct. 192 (2016). We now VACATE Wright's sentence and REMAND for resentencing.

## I.

Under a plea agreement in which he waived his right to appeal, Wright pleaded guilty to violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2) by possessing a firearm as a convicted felon. When the district court calculated his Guideline offense level under U.S.S.G. § 2K2.1, it increased his base offense level from twenty to twenty-two because, the court concluded, Wright's Texas conviction for "delivery" of a controlled substance was a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.2. The court then calculated Wright's Guidelines range as 100–120 months[1] of imprisonment and sentenced him to 96 months in prison.

Wright appealed to us, notwithstanding his waiver of his right to appeal. He contended that the factual basis for his guilty plea was legally insufficient because it did not establish that he knew that the firearm in question had traveled in interstate commerce. *Wright*, 642 F. App'x at 486. Wright conceded that this issue was foreclosed by binding precedent, and, on plain error review, this Court affirmed the district court's judgment. *Id.*

Two months later, the Supreme Court issued *Mathis v. United States*. In *Mathis*, the Court held that, when determining whether an offense qualifies as an Armed Career Criminal Act predicate, a sentencing court may subdivide a defendant's prior statute of conviction, and thus apply the modified categorical approach, only if that statute contains multiple "elements" constituting separate crimes—not simply multiple "means" of committing the same offense. *Mathis*, 136 S. Ct. at 2251–56.

---

[1] Wright's Guidelines range would have been 84–105 months of imprisonment without the two-level base offense level increase.

No. 15-10892

Wright subsequently filed a petition for writ of certiorari with the Supreme Court, challenging our dismissal of his claims.  Wright argued to the Supreme Court that the district court had erred by applying the modified categorical approach in classifying his prior drug offense as a "controlled substance offense" because the statute under which he was convicted does not set forth alternative elements for committing the statutory offense of conviction and thus is not divisible into separate offenses.  Moreover, he asserted, because this Court has held that an offer to sell a controlled substance is not a "controlled substance offense" within the meaning of the Guidelines, *United States v. Price*, 516 F.3d 285, 288–89 (5th Cir. 2008), the indivisibility of the statute demonstrated his entitlement to relief.  Wright also noted to the Supreme Court that he had waived any appeal from his guilty plea and that he was raising these arguments for the first time before the Supreme Court.

In response, the Government conceded to the Supreme Court that "the appropriate disposition is to grant certiorari, vacate the judgment of the court of appeals, and remand the case for further consideration in the light of Mathis."  It is important that the Government never raised the matter that Wright had waived appeal.

While Wright's certiorari petition was pending before the Supreme Court, we held in *United States v. Hinkle*, 832 F.3d 569, 570 (5th Cir. 2016), that, in the light of *Mathis*, a defendant's Texas "conviction for delivery of a controlled substance is not a 'controlled substance offense' within the meaning of the Guidelines."  It was shortly thereafter that the Supreme Court granted Wright's petition, vacated our judgment, and remanded the case to this Court for further consideration in the light of *Mathis*.  *Wright*, 137 S. Ct. at 192.

Wright now asks this Court to vacate his sentence and remand for resentencing, arguing that: (1) the waiver in his plea agreement is not

3

No. 15-10892

enforceable as to his *Mathis*-based argument; (2) his failure to raise the issue until the petition for certiorari is not an insurmountable barrier to relief; and (3) his sentence is reversible on plain error review.

II.

A.

We first consider whether the appellate-rights waiver in Wright's plea agreement is enforceable as to his *Mathis*-based claim. Wright contends that his waiver is unenforceable because a defendant can only waive "known" rights and he could not have intentionally relinquished a claim based on *Mathis* and *Hinkle* because those cases were decided after he was sentenced. Moreover, Wright argues, this Court should not find waiver here because the Government did not raise his waiver in its response to his petition for certiorari, did not seek to enforce it, and affirmatively conceded that this Court's judgment should be vacated and that his case should be remanded.

The Government counters that Wright's argument is precluded by the mere existence of the waiver.

We hold that Wright has not waived his *Mathis*-based argument and, even if he had, the Government has waived the right to assert waiver. "Waiver occurs when a party intentionally abandons a right that is known." *United States v. Troxler*, 390 F. App'x 363, 367 (5th Cir. 2010) (citing *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006)). Where, as here, a right is established by precedent that does not exist at the time of purported waiver, a party cannot intentionally relinquish that right because it is unknown at that time. *Id.*; *see also, e.g.*, *Smith v. Blackburn*, 632 F.2d 1194, 1195 (5th Cir. 1980). Additionally, the Government has waived the right to assert waiver by failing to object to Wright's appeal based on the waiver clause in his plea agreement. *E.g.*, *United States v. Story*, 439 F.3d 226, 231 (5th Cir. 2006).

No. 15-10892

B.

Wright also argues that his failure to raise the *Mathis*-based issue until his petition for certiorari is not an insurmountable barrier to relief. Although he admits that we have long required "extraordinary circumstances" to consider arguments raised for the first time in a petition for certiorari, Wright argues that we need not find extraordinary circumstances to vacate his sentence because his claim is based on precedent not available when he drafted his initial brief. Alternatively, Wright contends, where, as here, an intervening Supreme Court opinion clearly shows a serious error, the extraordinary circumstances test is satisfied.

The Government counters that Wright has not demonstrated, as he must, extraordinary circumstances to justify this Court's consideration of an issue that was raised for the first time in his certiorari petition, especially because his *Mathis*-based argument cannot survive plain error review given that it is precluded by his appellate-rights waiver.

The Government's argument overlooks that it urged the Supreme Court to remand this case to us for consideration on the merits, stating that it was "appropriate" for us "to further consider[] [the case] in the light of Mathis." We hold the Government to this concession and therefore consider the merits of Wright's claim.

C.

The question now is whether Wright's sentence is reversible on plain error review. To establish reversible plain error, Wright must show: "(1) an error (2) that is clear or obvious, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Nava*, 762 F.3d 451, 452 (5th Cir. 2014) (citations omitted).

No. 15-10892

Wright contends that the district court committed reversible plain error in classifying his Texas conviction for delivery of a controlled substance as a "controlled substance offense" within the meaning of U.S.S.G. § 4B1.2. The court erred, Wright argues, because the sentence enhancement under U.S.S.G. § 2K2.1(a) requires a "a felony conviction of . . . a controlled substance offense" and, under *Mathis*, a Texas conviction for delivery of a controlled substance does not constitute a conviction for a "controlled substance offense." Our holding in *Hinkle*, Wright asserts, made this error plain. Wright further contends that the court's error affected his substantial rights because it significantly changed his Guidelines range—increasing his maximum sentence of imprisonment by fifteen months and his minimum sentence by sixteen months—and, he further argues, there is a reasonable probability that this affected his sentence because the court imposed a sentence below the Guidelines range. Finally, Wright claims, this error merits discretionary remand because it has a clear and substantial impact on his sentence; it resulted from an unforeseen change in the law, not dereliction by the defense; and there are mitigating circumstances in this case.

We hold that Wright has satisfied the requirements for plain error review. The error of law lies in classifying Wright's conviction as a "controlled substance offense" because, as we explained in *Hinkle*, in the wake of *Mathis*, a conviction under the Texas statute in question "is not a controlled substance offense under the Guidelines." *Hinkle*, 832 F.3d at 574–77 (citations omitted). Even though the error was not plain at the time the district court sentenced Wright, it is classified as "plain" because *Mathis* and *Hinkle* were decided prior to the conclusion of Wright's direct appeal. *See Henderson v. United States*, 133 S. Ct. 1121, 1124–25 (2013). This error affected Wright's substantial rights because there is a reasonable probability that it impacted his sentence. *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016). Finally, this

No. 15-10892

sentencing error, if allowed to go uncorrected, "seriously affects the fairness, integrity, or public reputation of judicial proceedings" because, as Wright notes, it resulted from an unforeseen shift in the law, not defense counsel's error, and, in a substantial way, it "clearly affected [Wright]'s sentence." *See, e.g., Price*, 516 F.3d at 290 (citations omitted).

### III.

For the foregoing reasons, we VACATE Wright's sentence and REMAND for resentencing.