# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20344
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODNEY FORD,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-261-2

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Rodney Ford pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) and two counts of aiding and abetting the carrying and brandishing of a firearm during and in relation to a crime of violence in violation 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2. The district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20344

court sentenced him to 572 months of imprisonment and a five-year term of supervised release.

Ford contends on appeal that: (1) the district court erred in considering juvenile criminal conduct as relevant conduct in the determination of his sentence; (2) § 942(c) is unconstitutionally vague; and (3) his sentence violates his rights under the Eighth Amendment. The government asks this court to enforce the appeal waiver.

First, Ford knowingly and voluntarily waived his right to appeal. The district court confirmed at rearraignment that he was waiving the right, and the plea agreement reflects that Ford reviewed the plea agreement with his attorney and understood its terms. *See United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005). Second, because we afford the language of the appeal waiver its plain meaning, it applies to the circumstances in this case, as Ford reserved only the right to bring a claim of ineffective assistance of counsel. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

Ford argues that the appeal waiver should not be enforced because this court should recognize a miscarriage of justice exception as it applies to criminal conduct by juveniles. However, we have not adopted such an exception to the enforcement of appeal waivers and have ruled that claims waived in an enforceable appeal waiver need not be considered. *See, e.g.*, *United States v. De Cay*, 359 F. App'x 514, 516 (5th Cir. 2010) (citing *Bond*, 414 F.3d at 546). He also argues that his appeal waiver should not be enforced in regard to his constitutional challenges to § 924(c) and the length of his sentence because constitutional defects in a statute may not be waived. However, these claims may be waived by a valid appeal waiver. *See United States v. Portillo-Munoz*, 643 F.3d 437, 442 (5th Cir. 2011).

APPEAL DISMISSED.