## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 10, 2019

Lyle W. Cayce
Clerk

No. 17-60358

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee

v.

TIMOTHY JAMARAS BURNS,

　　　　Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before CLEMENT, DUNCAN, and OLDHAM, Circuit Judges.

PER CURIAM:*

　　　Timothy Burns pleaded guilty to two counts of armed bank robbery and one count of brandishing a firearm during a crime of violence. He waived his rights to appellate and collateral review and was sentenced as a career offender under the then-mandatory federal Sentencing Guidelines. Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Burns filed a § 2255 motion asserting that his prior convictions no longer qualified him for the career offender enhancement and that his brandishing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60358

conviction should be vacated. The district court denied the motion on the merits. We affirm because Burns waived his right to bring this motion.

FACTS AND PROCEEDINGS

In 2002, Burns was charged with two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and two counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1). In a memorandum of understanding, the Government agreed to dismiss one of the firearm counts, recommend a sentence on the low end of the Guidelines range, and grant a reduction for acceptance of responsibility if Burns pleaded guilty. Burns "expressly waive[d] the right to appeal the conviction and sentence imposed . . . or the manner in which that sentence was imposed, on the grounds set forth in [18 U.S.C. §] 3742, or on any ground whatsoever, and expressly waive[d] the right to contest the conviction and sentence or the manner in which the sentence was imposed in any post-conviction proceeding . . . including . . . a motion brought under" 28 U.S.C. § 2255.

In the presentence investigation report ("PSR"), the probation officer applied the 2000 edition of the Sentencing Guidelines to determine Burns's sentencing range. The PSR stated that Burns qualified as a career offender under U.S.S.G. § 4B1.1 because the charged bank robberies and at least two of his prior offenses were "crimes of violence." Burns was sentenced to concurrent 199-month prison terms for the bank robberies and a consecutive 84-month term for the firearm offense. He did not appeal.

In 2016, Burns moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 based on *Johnson*. He asserted that, because *Johnson* invalidated the residual clause in the "violent felony" definition of the Armed Career Criminal Act, he no longer had two qualifying prior convictions for the career offender designation and his conviction under § 924(c) should be vacated. The district court denied the motion on the merits before the

2

No. 17-60358

Government responded. Burns appealed, and this court granted a certificate of appealability on his claims that the residual clauses in the career-offender-enhancement provision of the mandatory Guidelines and § 924(c) are unconstitutionally vague.

## STANDARDS OF REVIEW

"This court reviews *de novo* whether an appeal waiver bars an appeal." *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019) (quotation omitted); *see United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam) (finding "no principled means of distinguishing . . . a [collateral review] waiver from the waiver of a right to appeal"). "When considering challenges to a district court's decisions under 28 U.S.C. § 2255, this court reviews questions of law *de novo*." *United States v. Taylor*, 873 F.3d 476, 479 (5th Cir. 2017). The court "may affirm for any reason supported by the record, even if not relied on by the district court." *United States v. Batamula*, 823 F.3d 237, 240 (5th Cir. 2016) (en banc) (quotation omitted).

## DISCUSSION

We decline to reach the merits of Burns's motion because we find he has waived his right to bring it. An informed and voluntary waiver of post-conviction relief generally bars such relief. *Wilkes*, 20 F.3d at 653. A waiver is enforceable if (1) it was knowing and voluntary, and (2) it "applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). A waiver is knowing and voluntary if the defendant knows that he has the right to collateral review and that he is waiving it in the plea agreement. *See United States v. Portillo*, 18 F.3d 290, 292 (5th Cir. 1994).

Burns does not dispute that he was aware of his right to collateral review and that he was waiving it. Nor does he dispute that the waiver's broad language applies to his *Johnson* claims. Instead, he first argues that the

No. 17-60358

Government waived its right to enforce the plea agreement by failing to assert the waiver in the district court. The Government, however, did not intentionally relinquish its right to enforce the plea agreement; the district court dismissed Burns's motion on the merits before the Government responded. *See United States v. Olano*, 507 U.S. 725, 733 (1993); *cf. Wood v. Milyard*, 566 U.S. 463, 474 (2012) (finding the State waived a timeliness argument because it "chose, in no uncertain terms, to refrain from interposing a timeliness 'challenge' to Wood's petition").

Alternatively, Burns relies on two out-of-circuit cases to argue that his waiver is unenforceable. First, relying on *United States v. Torres*, 828 F.3d 1113, 1124–25 (9th Cir. 2016), Burns contends that his right to challenge an illegal or unconstitutional sentence cannot be waived. This argument is foreclosed by our precedent. This court has held that a defendant can waive his right to challenge an illegal sentence. *See United States v. Hemler*, 169 F. App'x 897, 898 (5th Cir. 2006) (per curiam) (rejecting the argument that "a waiver of appeal does not bar an appeal of an illegal sentence"); *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992) (noting that a defendant who has waived her right to appeal cannot appeal an illegal sentence); *see also* 18 U.S.C. § 3742(a)(1)–(2) (the waivable right to appeal includes the right to appeal sentences "imposed in violation of law" or "imposed as a result of an incorrect application of the sentencing guidelines"). This court has also held that a defendant can waive his right to challenge an unconstitutional sentence. *See United States v. Keele*, 755 F.3d 752, 756–57 (5th Cir. 2014); *United States v. Portillo-Munoz*, 643 F.3d 437, 442 (5th Cir. 2011).

Next, citing to *United States v. McBride*, 826 F.3d 293, 294–95 (6th Cir. 2016), Burns argues that he cannot waive a right that did not exist at the time he agreed to the waiver. But the Sixth Circuit has distinguished *McBride* because the plea agreement at issue in that case did not include an appeal

waiver. The court continues to enforce waivers despite changes in law. *See, e.g.*, *United States v. Morrison*, 852 F.3d 488, 491–92 (6th Cir. 2017). Burns's argument is also foreclosed by our precedent. In *United States v. Burns*, this court held that "an otherwise valid appeal waiver is not rendered invalid, or inapplicable to an appeal seeking to raise" a newly recognized constitutional error "merely because the waiver was made before" the error was recognized. 433 F.3d 442, 450–51 (5th Cir. 2005).[1]

Finally, Burns contends that we could find his waiver unenforceable under a miscarriage of justice exception. This circuit has declined to explicitly adopt or reject this exception. *See United States v. Ford*, 688 F. App'x 309, 309 (5th Cir. 2017) (per curiam); *United States v. Powell*, 574 F. App'x 390, 394 (5th Cir. 2014) (per curiam).  Regardless, Burns does not explain the contours of this exception or why it should apply to him. So, he has waived the argument that it applies. *See, e.g.*, *Willis v. Cleco Corp.*, 749 F.3d 314, 319 (5th Cir. 2014) ("A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it." (quotation omitted)).

## CONCLUSION

Because Burns waived his right to bring this collateral challenge, we AFFIRM the district court's denial of his § 2255 motion.

---

[1] *United States v. Wright*, 681 F. App'x 418 (5th Cir. 2017) (per curiam), finding that a waiver was unenforceable as to a right established by precedent that did not exist at the time of the waiver, did not overturn *Burns. See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court.").