# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-10932

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 26, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOEL MILES,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-140-1

———————————————————————

Before RICHMAN, *Chief Judge*, and OLDHAM and RAMIREZ, *Circuit Judges*.

PER CURIAM:

Fort Worth police arrested Joel Miles after finding an unregistered short-barreled rifle in his car. Miles is a convicted felon, so federal prosecutors charged him with violating 18 U.S.C. § 922(g)(1). The parties then entered into a plea agreement by which the government agreed to dismiss the § 922(g)(1) charge. In exchange, Miles agreed to plead guilty to possessing an unregistered short-barreled rifle in violation of 26 U.S.C. § 5861(d). Miles also agreed to waive his right to appeal the § 5861(d)

No. 22-10932

conviction.[*] The district court accepted the plea agreement and imposed a 115-month sentence.

Miles now seeks to appeal his § 5861(d) conviction, even though knowingly and voluntarily waived the right to do so in his plea agreement. Miles contends that because short-barreled rifles are in common use, Congress cannot regulate them under the Second Amendment as interpreted by the Supreme Court in *New York State Rifle & Pistol Assoc. v. Bruen*, 597 U.S. 1 (2022). And he alleges his appeal waiver was ineffective as to that claim because in his view, a defendant cannot waive the right to assert that his statute of conviction is unconstitutional.

Miles' argument is foreclosed. *See United States v. Portillo-Munoz*, 643 F.3d 437, 442 (5th Cir. 2011) (enforcing an appeal waiver against a constitutional challenge to a statute of conviction); *see also United States v. Ford*, 688 F. App'x 309, 310–11 (5th Cir. 2017) (per curiam) (citing *Portillo-Munoz* for the proposition that constitutional claims "may be waived by a valid appeal waiver"); *United States v. Caldwell*, 38 F.4th 1161 (5th Cir. 2022) (per curiam) (holding defendants can waive the right to collaterally attack a conviction on constitutional grounds). Miles therefore waived the right to press his Second Amendment claim on appeal.

APPEAL DISMISSED.

---

[*] The waiver was subject to limited exceptions that Miles concedes are not relevant in this case.